Richard WINTERS, Appellant,

v.

HOUSTON CHRONICLE PUBLISHING
COMPANY, Appellee.

No. 01–89–00496–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 16, 1989.

Rehearing Denied Dec. 15, 1989.

James W. Holtz, Houston, for appellant.

William W. Ogden, James Snell, Liddell, Sapp, Zively, Hill & LaBoon, Houston, for appellee.

Before SAM BASS, DUGGAN and COHEN, JJ.

## OPINION

COHEN, Justice.

Richard Winters sued the Houston Chronicle Publishing Company, his employer April 1977 to June 30, 1986. He alleged he had been fired because, at various times between late 1980 and January 1986, he had reported to Chronicle management that his upper level managers and supervisors were engaged in circulation fraud, inventory theft, and a "kickback" scheme. He contended this constituted a retaliatory discharge for having reported illegal activities and for having refused to participate in illegal acts, and that such discharge was prohibited under *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733 (Tex.1985). The Chronicle specially excepted to Winters' original petition, arguing that the *Sabine Pilot* exception to the employment-at-will doctrine applied only to employees fired solely for refusing to commit a crime.

The court granted the special exceptions, and Winters repealed. He asserted:

his termination amounted to a retaliatory discharge by Defendant solely for having reported illegal activities and for refusing to participate or acquiesce in such illegal activities. In this regard, Plaintiff contends that the intentional, knowingly [sic] or reckless reporting of false paid circulation by Defendant to the public amounts to a deceptive trade practice and violates TEX. BUS. COMM. CODE § 17.46. Additionally, such conduct may violate § 32.42(b)(12)(A) of the Texas Penal Code governing deceptive business practices. Plaintiff further contends that the offer of a "kickback" amounts to attempted theft of Chronicle funds and would purportedly violate sections § 15.01 and § 31.03 of the Texas Penal Code.

The Chronicle moved for summary judgment, asserting that Winters had failed, even after amending his petition, to plead facts stating a claim under *Sabine Pilot*. Winters responded by asking the trial court to extend the judicially created exception to the employment-at-will doctrine to cover not only employees who refuse to commit crimes, but also those who report illegal activity to their employers. The court granted the summary judgment, stating:

the Court is of the opinion and finds that there are no material issues of fact, which if proved, would entitle Plaintiff to relief on any of its [sic] claims, and that Houston Chronicle Publishing Company

is entitled to judgment as a matter of law....

On appeal, Winters concedes he was an "at-will" employee, and his claim is outside the *Sabine Pilot* exception. Winters urges us to broaden the public policy exception under *Sabine Pilot* to include employees who report crimes to their employers, as well as those who refuse to commit them. We decline to do so.

We are obligated, as an intermediate court, to follow the Texas Supreme Court's authoritative expressions of law. *Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex.1964); *Lumpkin v. H & C Communications, Inc.*, 755 S.W.2d 538, 540 (Tex.App.—Houston [1st Dist.] 1988, no writ). In *Sabine Pilot*, Justice Kilgarlin acknowledged, in his concurring opinion, that some state courts had recognized broad exceptions to the employment-at-will doctrine, including a cause of action for terminations resulting from retaliatory motives and breaches of an implied good faith and fair dealing clause. 687 S.W.2d at 736. He noted that the opinion did not extend an employee's protection so far. *Id.* The supreme court held:

> that public policy, as expressed in the laws of this state and the United States which carry criminal penalties, requires a very narrow exception to the employment-at-will doctrine.... *That narrow exception covers only the discharge of an employee for the sole reason that the employee refused to perform an illegal act.*

687 S.W.2d at 735 (emphasis added). Winters admits that he was not fired solely because he refused to commit a crime.[1]

Because we must follow the supreme court's statement of the law, we cannot extend its deliberately narrow exception in *Sabine Pilot* to embrace this cause of action. *See Molder v. Southwestern Bell Tel. Co.*, 665 S.W.2d 175, 177 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

We note that the legislature has enacted a "whistleblower" statute to protect public employees who report crimes to "an appropriate law enforcement authority ... in good faith." Tex.Rev.Civ.Stat.Ann. art. 6252–16a (Vernon Supp.1989). Winters, however, was not a public employee, did not report crimes to a law enforcement authority, and does not claim the statute's protection.

We overrule the point of error, and affirm the judgment.

---

**1.** A new exception to the employment-at-will doctrine has recently been judicially created, *McClendon v. Ingersoll–Rand Co.*, 779 S.W.2d 69, 70–71 (1989) (an exception to the employment-at-will doctrine when the principal reason for termination is employer's desire to avoid contributing to or paying benefits under employer's pension fund). Winters does not contend that it applies to his case.