**W. Clay HANCOCK, Appellant,**

v.

**EXPRESS ONE INTERNATIONAL, INC., Appellee.**

**No. 05–90–00208CV.**

Court of Appeals of Texas, Dallas.

Nov. 15, 1990.

Rehearing Denied Dec. 19, 1990.

Marvin Menaker, Dallas, for appellant.

John F. McCarthy, Jr., Dallas, for appellee.

Before BAKER, LAGARDE and WHITTINGTON, JJ.

## OPINION

LAGARDE, Justice.

W. Clay Hancock appeals from a summary judgment in his wrongful discharge suit in favor of his former employer, Express One International (Express One). In two points of error, Hancock complains that the trial court erred in granting Express One's motion for summary judgment because 1) Hancock was discharged for refusing to perform an illegal act and has stated a cause of action for wrongful discharge which falls within the public policy exception to the employment-at-will doctrine and 2) Express One interfered with Hancock's performance of his contractual obligations by ordering him to commit an illegal act which could result in loss of his pilot's certificate.

Hancock, a pilot for Express One, alleges that he was discharged by Express One because he refused to fly under conditions which would require him to violate regulations regarding flight and rest time limitations prescribed by the Federal Aviation Administration (FAA). Violations of FAA regulations carry *civil* penalties ranging from a reprimand to revocation of a pilot's certificate. Hancock contends that such a discharge was prohibited under *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex.1985).

Express One filed a motion for summary judgment in the trial court asserting that Hancock's cause of action was without merit as a matter of law because the public policy exception to the employment-at-will doctrine recognized by the Texas Supreme Court in *Sabine Pilot* [1] does not apply to Hancock's version of the facts. Hancock responded to the motion by asking the trial court to extend the exception to cover employees who are discharged for refusing to perform illegal acts which carry *civil* penalties. The trial judge granted the motion for summary judgment and rendered judgment in favor of Express One stating that "no genuine issue of fact exists."

## STANDARD OF REVIEW

In reviewing the granting of a summary judgment, we must accept as true the non-movant's version of the evi-

---

1. The exception to the employment-at-will doctrine, which was judicially created under *Sabine Pilot,* covers employees who are discharged for refusing to perform illegal acts which carry *criminal* penalties. *Sabine Pilot,* 687 S.W.2d at 735.

dence and make every reasonable inference in favor of the non-movant. *Sabine Pilot,* 687 S.W.2d at 734; *Brunner v. Al Attar,* 786 S.W.2d 784, 785 (Tex.App.—Houston [1st Dist.] 1990, writ requested). The movant in a motion for summary judgment has the burden of demonstrating as a matter of law that no genuine issue of material fact exists. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979); Tex.R.Civ.P. 166a(c). When the movant establishes that he is entitled to a summary judgment as a matter of law, the burden shifts to the nonmovant to establish any issues that would preclude summary judgment. *Clear Creek,* 589 S.W.2d at 678. A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, plaintiff could not succeed upon any of the theories pled. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). The reviewing court must determine not whether the summary judgment proof raises a fact issue, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970).

## EMPLOYMENT–AT–WILL DOCTRINE

■ In his first point of error, Hancock alleges that the trial court erred in granting summary judgment for Express One because Hancock was fired for refusing to commit an illegal act. He argues that this falls within the public policy exception to the employment-at-will doctrine. The long standing rule in Texas is that employment for an indefinite term may be terminated at will and without cause. *East Line & R.R.R. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99, 102 (1888). The Texas Supreme Court has created only two exceptions to this doctrine.[2] The first exception occurs when an employee is discharged for the sole reason that the employee refused to perform an illegal act involving criminal penalties. *Sabine Pilot,* 687 S.W.2d at 735. The second exception occurs when an employee demon-

strates that the principal reason for discharge was the employer's desire to avoid contributing or paying benefits under the employer's pension fund. *McClendon v. Ingersoll–Rand Co.,* 779 S.W.2d 69, 71 (Tex.1989), *cert. granted,* —— U.S. ——, 110 S.Ct. 1804, 108 L.Ed.2d 935 (1990). While Hancock acknowledges the narrow scope of *Sabine Pilot,* he argues that the public policy exception articulated in *McClendon* applies to his case. He argues that the Texas Supreme Court in its holding in *McClendon* relied upon a federal statutory provision that carried only *civil* penalties, just as the case at bar involves only a *civil* penalty. Thus, he argues, *McClendon* should apply in this case. We disagree with Hancock's interpretation of the narrow exception articulated in *McClendon.* In *McClendon,* the Texas Supreme Court expressly created an exception to the employment-at-will doctrine where the plaintiff alleges that the principal reason for his or her termination is the employer's desire to abrogate pension rights. *McClendon,* 779 S.W.2d at 71. Because Hancock's cause of action does not involve an abrogation of pension rights, the exception in *McClendon* does not apply.

■ Hancock does not dispute that he was an "at-will" employee or that his claim was outside the scope of the *Sabine Pilot* exception since only civil penalties were involved. Because no criminal penalties were involved, the exception in *Sabine Pilot* does not apply. Hancock does not argue on appeal that there is an issue of fact. Instead, he urges this court to *extend* the public policy exception under *Sabine Pilot* to include employees who are discharged for performing illegal acts which carry *civil* penalties. We decline to do so.

It is not for an intermediate appellate court to undertake to enlarge or extend the grounds for wrongful discharge under the employment-at-will doctrine. If such an exception is to be created, the Texas Supreme Court should do so. *Swilley v. McCain,* 374 S.W.2d 871, 875 (Tex.1964); *Brunner,*

---

**2.** We recognize that there are other statutory exceptions. *Winters v. Houston Chronicle Pub.*

*Co.,* 795 S.W.2d 723, 726 n. 1, n. 1 (Tex.1990).

786 S.W.2d at 786; *Jennings v. Minco Technology Labs, Inc.*, 765 S.W.2d 497, 501–02 (Tex.App.—Austin 1989, writ denied). Recently, in *Winters v. Houston Chronicle Pub. Co.*, 795 S.W.2d 723, 724–25 (Tex.1990) the Texas Supreme Court declined to add an additional exception to this doctrine, refusing to recognize a cause of action for a private employee who was discharged for *reporting* illegal activities.

The doctrine of stare decisis is applicable to trial and appellate courts, and we must follow the law as previously declared and applied in the courts in this state. *Watson v. Zep Mfg. Co.*, 582 S.W.2d 178, 180 (Tex. Civ.App.—Dallas 1979, writ ref'd n.r.e.); *Jennings*, 765 S.W.2d at 501. The Texas Supreme Court emphasized the narrowness of the exceptions in *Sabine Pilot* and *McClendon* and has prescribed the areas for relief. We are obligated to follow the law as stated by the Supreme Court of Texas and, therefore, cannot broaden the deliberately narrow exception it created in *Sabine Pilot* to include this cause of action. *Winters v. Houston Chronicle Pub. Co.*, 781 S.W.2d 408, 409 (Tex.App.—Houston [1st Dist.] 1989), *aff'd*, 795 S.W.2d 723 (Tex.1990).

We conclude that the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact as to any of the essential elements of the plaintiff's cause of action. Thus, we conclude that Express One was entitled to judgment as a matter of law. Because Hancock's claim does not fall within a recognized exception to the employment-at-will doctrine, we overrule his first point of error.

### TORTIOUS INTERFERENCE WITH A CONTRACT

In his second point of error, Hancock asserts, for the first time on appeal, a cause of action for tortious interference with his contract. In his Third Amended Petition, Hancock alleged breach of contract by Express One, but did not allege tortious interference with his employment contract. The nonmovant must, in a written answer or response to a motion for summary judgment, expressly present to the trial court those issues that would defeat the movant's right to a summary judgment and, failing to do so, may not later assign them as error on appeal. *Clear Creek*, 589 S.W.2d at 679. Because Hancock did not assert his cause of action for tortious interference in the trial court, we overrule his second point of error.

We affirm the judgment of the trial court.