**WAL–MART STORES, INC., Appellant,**

v.

**John N. COWARD, Appellee.**

**No. 09–90–224 CV.**

Court of Appeals of Texas, Beaumont.

April 9, 1992.

Alan Magenhiem, J. Preston Wrotenbery, John Belk, Hirsch, Glover, Robinson & Sheiness, Houston, Joe R. Smith, Woodville, for appellant.

Gilbert Adams, Jr., Theme Sue Linh, Law Offices of Gilbert T. Adams, Richard J. Clarkson, Reaud, Morgan & Quinn, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This appeal is yet another employer/employee relationship case involving, among other things, that age old "Employment–At–Will Doctrine" which has stood steadfast in the battle of time, save and except for occasions where obviously needed exceptions have been carved from its general premise. Suffice it to say that the "Employment–At–Will Doctrine" is not only still the law in our beloved State, but it is also very much alive and well.

In this case, appellee, John N. Coward, brought suit against appellant, Wal–Mart Stores, Inc., on March 17, 1989 in the 88th District Court of Tyler County, Texas, Honorable Earl B. Stover, Judge Presiding.

The case was tried before a jury. The jury was then charged on theories of recovery for breach of an oral employment agreement and wrongful discharge without cause. The jury was also charged on a statutory theory of recovery for failure to pay final wages within a certain time period.

The jury found that John Coward's termination by Wal–Mart amounted to a breach of an oral agreement that Mr. Coward would have a job with Wal–Mart "so long as he made a good hand." The jury further found that Mr. Coward's termination was without just cause and awarded Mr. Coward damages.

The jury also found that Wal–Mart failed to pay Mr. Coward in full on February 17, 1989 and/or within six (6) days demand.

Additional damages were awarded in a non-predicated question for failure of Wal–Mart to pay Mr. Coward in full prior to August 3, 1989.

Finally, the jury was given two opportunities to find that the conduct of Wal–Mart entitled Mr. Coward to exemplary damages. In Question No. 8, the jury refused to find that Mr. Coward was terminated in a malicious manner, however, in Question No. 9 the jury did find that Wal–Mart's failure to pay Mr. Coward his final earnings prior to August 3, 1989, was malicious.

The ordering portion of the court's judgment reads as follows:

It is therefore ordered, adjudged and decreed:

1. That JOHN N. COWARD, Plaintiff, recover Five Hundred, Twenty–One Thousand, Six Hundred Sixty Dollars ($521,660.00) from WAL–MART STORES, INC. with interest thereon at the rate of ten (10) percent per annum from the date of rendition of judgment until paid;

2. That costs of this suit be taxed against WAL–MART STORES, INC.

3. That Plaintiff shall have execution of this Judgment if not timely paid.

Prior to the charge of the court, Wal–Mart moved for an instructed verdict for failure of Mr. Coward to establish any cause of action upon which to base a recovery for damages.

Before entry of judgment, Wal–Mart filed a Motion for Judgment Notwithstanding the Verdict pursuant to Rule 301 of the TEX.R.CIV.P. After judgment, Wal–Mart filed a Motion for New Trial, alternatively for Remittitur and in the further alternative, to Modify and Reform Judgment. The trial court denied all of these motions by Wal–Mart.

Factually, Mr. Coward was hired by Wal–Mart as a stock boy which was the first job ever held by Mr. Coward even though he was 24 years of age. The duration of that employment was from February 24, 1987 until February 16, 1989.

Prior to February 16, 1989, Rebecca Skipper, the immediate supervisor of Mr. Coward, testified that she saw Mr. Coward chewing tobacco numerous times in the store between November 1988 and January 1989. These incidents were discussed with Mr. Coward, but not written up. On at least two prior occasions, Mr. Coward was written up for chewing tobacco at the store. Mr. Coward knew that chewing tobacco during work hours was a violation of company policy.

On November 16, 1988, Mr. Coward was counseled and written up for chewing and spitting tobacco. Mr. Coward was instructed not to chew tobacco on the job again or it would be grounds for dismissal.

On February 16, 1989, two co-employees working with Mr. Coward, complained that Mr. Coward was again chewing and spitting tobacco. An investigation ensued and Mr. Coward denied the chewing and spitting. The evidence is controverted as to whether Mr. Coward voluntarily terminated his employment or whether Wal–Mart terminated him.

Evidence in the record reflects that Wal–Mart called Mr. Coward on two or three separate occasions about picking up his final paycheck. Mr. Coward testified that he received his paychecks sometime in August 1989.

Appellant brings 18 points of error, however, our opinion shall not require an address to most of those points.

Point of error one shall be dispositive of most points in this appeal.

Appellant's first point of error contends that the trial court erred as a matter of law in submitting Question Nos. 2 and 3 because Texas is an employment-at-will jurisdiction and no recognized exception was shown by appellee. We agree and sustain this point of error.

The Employment–At–Will Doctrine generally stands for the proposition in law that an employer can discharge an employee without cause, with or without notice at any time, for a good reason, for a bad reason or no reason. *Winters v. Houston Chronicle Publishing Company*, 795 S.W.2d 723 (Tex.1990).

Texas originally adopted the Employment–At–Will Doctrine in *East Line R.R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99 (1888).

■ To escape the scope of this doctrine other than by means of clearly defined exceptions, it is incumbent upon an employee to establish a contract wherein the employer has forsaken the right to terminate the employee at will. *See East Line, supra; Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483 (Tex.1991); *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex.1985).

■ In our case, appellee says he had an oral agreement whereby a management employee of Wal–Mart stated the following:

> He said that I had the job as long as I wanted it and made a good hand. And he promised me a job there for life if I wanted it.

This alleged oral promise was never reduced to writing. The Statute of Frauds provides that contracts not to be completed within one year are not enforceable unless in writing. TEX.BUS. & COM.CODE ANN. § 26.-01(b)(6) (Vernons 1987); *Schroeder, supra* at 489.

Obviously, Mr. Coward's own testimony places his employment tenure at a term greater than one year (e.g., "And he promised me a job there for life if I wanted it.") *See Schroeder, supra.*

We find it to be well settled law in this State that when an employment contract is oral, stating no definite duration, it is terminable at will by either the employer or the employee. *East Line, supra; Schroeder, supra; Winters, supra.*

The facts of our case, as determined by the jury in answering Questions 2, 3, and 4, bring it within the purview of well established case law which sustains the appellant's position for the most part. The jury found that Wal–Mart terminated Coward and that an oral agreement existed providing life-time employment for Coward. The jury went on to find in Question 2(b) that there was no agreement that Wal–Mart would deal with him fairly and in good faith. The jury then found by answering Question No. 4 that Coward was terminated by Wal–Mart without just cause.

To date, the Supreme Court has created only one narrow exception to the Employment–At–will Doctrine which allows termination at any time and without cause. *Schroeder, supra* at 489. For that one exception, *see Sabine Pilot Service, Inc., supra* at 735 (refusal by an employee to perform an illegal act). We hold that the trial court erred in submitting Questions 2, 3, and 4.

Based on our review, we find that the court erred in submitting Question No. 6 which asked the jury to assess damages based upon their answers to Questions 3 and 4 which found that Coward had been wrongfully discharged by Wal–Mart.

We find that Question No. 5 was superfluous in that it did not contribute to the judgment in any way. The jury answered that Wal–Mart did not pay Coward in full prior to February 17, 1989. No other issue depended on this answer.

Question No. 8 was answered favorably to the appellant, i.e., that Coward was not terminated maliciously.

■  Question 7 asked the jury to determine damages to the appellee as a result of Wal–Mart not paying Coward in full prior to August 3, 1989. The jury awarded damages based on mental anguish, hardship and inconvenience. The jury found in Question No. 9 that this "failure to pay" by August 3, 1989 was malicious and in Question No. 10, awarded punitive damages to Coward in the sum of $400,000.00.

A breach of contract will not support an award of punitive damages. *Texas National Bank v. Karnes,* 717 S.W.2d 901 (Tex.1986); *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617 (Tex.1986); *Bellefonte Underwriters Ins. Co. v. Brown,* 704 S.W.2d 742 (Tex.1986); *Amoco Prod. Co. v. Alexander,* 622 S.W.2d 563 (Tex.1981). This rule also prevails even if the contract is maliciously breached. *Manges v. Guerra,* 673 S.W.2d 180 (Tex.1984); *Amoco Prod. Co., supra* at 571. We adhere to these holdings in the instant case.

The party seeking exemplary damages is required to obtain at least one finding of an independent tort together with a finding of actual damages as a result of the tortious conduct. *American National Petroleum Co. v. Transcontinental Gas Pipe Line Corp.,* 798 S.W.2d 274 (Tex.1990); *Karnes, supra; Jim Walter Homes, supra; Bellefonte, supra.* We recognize that an action may be maintained for actual damages due to breach of a contract and that the same action may seek recovery in tort for punitive damages. *International Printing Pressmen & Assistant's Union of North America v. Smith,* 145 Tex. 399, 198 S.W.2d 729 (1946). In the instant case, the appellee had to prove a contractual relationship and that he was forced to rely on the duties created therein. We hold that this action in substance was an action on the contract of employment. *See Travel Masters, Inc. v. Star Tours, Inc.,* 827 S.W.2d 830 (1991); *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493 (Tex. 1991); *Ramos v. Frito–Lay, Inc.,* 784 S.W.2d 667 (Tex.1990). The only other damage issue, Question No. 6, was predicated on an alleged breach of the oral employment agreement. As discussed above, this is a non-issue.

We have disposed of the contractual theories of wrongful discharge and wrongful withholding of wages above, as well as the wrongful discharge theory in tort. We sustain the appellant on all points of error pertinent thereto.

■ We now review appellee's tort theory of recovery for wrongful withholding of wages which is a two-pronged attack with the first theory of recovery stemming from the breach of the employment contract itself, i.e., the duty to pay wages timely. The second part of recovery is based on the statutory violation which is later discussed herein.

The case of *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (1947) has been cited with great regularity over the years for the proposition that when a duty arising from a contact is violated, the breach of that duty *may* constitute actionable negligence. *See DeLanney, supra*. Not every breach of contract accompanied by negligence creates a cause of action in tort. *See*, concurring opinion by Justice Gonzales in *DeLanney, supra* at page 495 ff. A closer look at *Scharrenbeck, supra* and its progeny reveals a common law duty to act in the absence of a contract, for example, service repair contracts and malpractice actions. In the case at hand, there exist no duties on the part of the appellant to appellee, other than those arising from the contract. We defer all changes in this common law rule to our Texas Supreme Court. *Hancock v. Express One International, Inc.*, 800 S.W.2d 634 (Tex.App.—Dallas 1990, no writ).

■ The appellee emphasizes the violation of TEX.REV.CIV.STAT.ANN. arts. 5156 and 5157 (Vernon 1987), *repealed by* TEX. REV.CIV.STAT.ANN. art. 5155 (Vernon Supp. 1992), as giving rise to a cause of action in favor of the employee for wrongful withholding of wages by Wal–Mart. An examination of arts. 5156 and 5157 reveals that employers who willfully failed or refused to timely pay wages were subject to administrative penalties in the form of fines for each such failure or refusal to pay. We liken the remedial and punitive nature of arts. 5156 and 5157 to that of criminal statutes. We may accept or reject criminal statutes to determine a standard of care. Ultimately the standard of care rests with the civil court and any such part of a criminal statute deemed appropriate may be used for the court's purposes. *Rudes v. Gottschalk*, 159 Tex. 552, 324 S.W.2d 201 (1959). We are not compelled to accept as a standard for a civil liability, a criminal statute or a quasi criminal/civil statute adopted by the legislature. It is entirely possible that under civil law, a higher standard of care can be required than that established by such statutes. *Howsley v. Gilliam*, 517 S.W.2d 531 (Tex.1975). Not every violation of a criminal, or quasi criminal statute must result in a declaration that the violator is guilty of negligence per se.

No cases have been cited to this Court, nor have we found any which grant a cause of action to an employee against his employer (or former employer) for failure to timely pay wages.

The judgment of the trial court is reversed and this Court renders judgment in favor of appellant that appellee take nothing in his suit.

REVERSED AND RENDERED.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority overturns a jury verdict because "this action in substance was an action on the contract of employment." The majority recognizes that under *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493 (Tex. 1991) there may be an action for tort independent of the contract action. They then say: "In the case at hand, there exist no duties on the part of the appellant to the appellee, other than those arising from the contract." I disagree.[1]

---

1. The majority also says: "We defer all changes in this common law rule to our Texas Supreme Court." (citing *Hancock v. Express One International, Inc.*, 800 S.W.2d 634 (Tex.App.—Dallas 1990, writ requested)). This court has not relied upon that maxim to avoid its responsibility in the past. *See e.g. Hauck v. Sabine Pilots Service, Inc.*, 672 S.W.2d 322 (Tex.App.—Beaumont 1984), *aff'd*, 687 S.W.2d 733 (Tex.1985) (creating an exception to at will termination);

The jury found that Wal–Mart maliciously withheld the wages of Mr. Coward. This action is extraneous to the contract. *See Caplan v. St. Joseph's Hosp.,* 188 Cal. App.3d 1193, 233 Cal.Rptr. 901 (Dist. 1 Div. 1, 1987). The issue before the jury was *not* whether Wal–Mart owed Coward the wages, nor whether they withheld the wages; for certainly both of these factual issues were undisputed. The issue before the jury was whether this withholding was malicious and whether Coward suffered any damage. This is intentional conduct by Wal–Mart and sounds in tort. *See M.B.M. Co., Inc. v. Counce,* 596 S.W.2d 681 (Ark. 1980). Under this record and based upon the jury findings, I would affirm and reform the judgment to $410,830 being the damages occasioned by the failure to pay. Since the majority holds otherwise, I respectfully dissent.

*Tidelands Automobile Club v. Walters,* 699 S.W.2d 939 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.) (recognizing the tort of intentional infliction of emotional distress); *Garrard v. St. Elizabeth Hosp.,* 708 S.W.2d 571 (Tex.App.—Beaumont 1986), *aff'd,* 730 S.W.2d 649 (Tex. 1987) (recognizing the tort of negligent infliction of emotional trauma in non-injury/non-death cases).