Tim JOHNSON and Ed
White, Appellants,

v.

WAXAHACHIE INDEPENDENT
SCHOOL DISTRICT,
Appellee.

No. 14–09–00072–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 31, 2010.

Daniel A. Ortiz, Shane Goetz, Arlington, for Appellants.

Dennis Eichelbaum, Wardell of Plano, for Appellee.

Panel consists of Chief Justice ADELE HEDGES and Justices KEM THOMPSON FROST and KENT C. SULLIVAN.

## OPINION

KENT C. SULLIVAN, Justice.

Appellants Tim Johnson and Ed White sued their former employer, Waxahachie Independent School District ("WISD"), for unlawful termination. Johnson and White alleged that WISD terminated their employment because they filed an employment grievance pursuant to Texas Government Code section 617.005. As is relevant to this appeal, WISD sought summary judgment on the ground that appellants' claim does not fall within a recognized exception to the employment-at-will doctrine. The trial court granted summary judgment to WISD, prompting this appeal. Appellants urge this Court to recognize a new cause of action that would permit a public employee to sue his employer for damages if his employment is terminated in retaliation for pursuing a grievance under section 617.005. We affirm.

## I. BACKGROUND

Johnson and White were employed by WISD as maintenance coordinators. In August 2003, they filed a written grievance against certain members of the WISD Board of Trustees, complaining of harassment, stalking, and micro-management of WISD maintenance department employees. Appellants claim that WISD Superintendent Bobby Parker told them that filing the grievance "sealed their fate" with the school district. The next day, appellants were placed on paid administrative leave pending an investigation. Five days later, their employment was terminated. Johnson and White appealed the termination of their employment through WISD's administrative procedures; their administrative appeal was denied by the WISD Board of Trustees in November 2003.

In September 2004, appellants sued WISD for wrongful termination,[1] alleging that they were retaliated against for filing a grievance against the WISD board members. As is relevant here, WISD moved for summary judgment on the ground that there is no cause of action for a public employee whose employment is terminated in retaliation for filing a workplace-related grievance. The trial court granted summary judgment to WISD without specifying the basis for its ruling.

In a single appellate issue, appellants contend the trial court erred by granting summary judgment on their claim. We address their issue after considering the legal standard we use to review the trial court's summary-judgment ruling.

## II. STANDARD OF REVIEW

We review the trial court's order granting summary judgment under well-established standards. *See Seidner v. Citibank (S.D.) N.A.*, 201 S.W.3d 332, 334 (Tex. App.-Houston [14th Dist.] 2006, pet. denied). That is, a party moving for traditional summary judgment—here, WISD—

---

1. Johnson and White originally sued both WISD and several individual WISD employees. *See Johnson v. Tims*, No. 10–05–00006–CV, 2005 WL 1531336, at *1 (Tex.App.-Waco Jun. 29, 2005, pet. denied) (mem. op.). They sued the individual WISD employees for malicious prosecution arising out of criminal charges filed against them after their employment was terminated. *Id.* The WISD employees filed a plea to the jurisdiction and a motion to dismiss; the trial court granted the motion to dismiss. *Id.* The Tenth Court of Appeals reversed and remanded with instructions to abate to allow Johnson and White to exhaust their administrative remedies with WISD. *Id.* at *2. WISD's plea to the jurisdiction was denied; the Waco Court of Appeals affirmed the trial court's denial of WISD's plea. *See Waxahachie Indep. Sch. Dist. v. Johnson*, 181 S.W.3d 781 (Tex.App.-Waco 2005, pet. denied). This appeal follows the remand of Johnson's and White's wrongful-termination claims against WISD.

must prove its entitlement to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). At that point, the burden shifts to the non-movants—in this case, Johnson and White—to raise a genuine issue of material fact to defeat summary judgment. *See Va. Power Energy Mktg., Inc. v. Apache Corp.,* 297 S.W.3d 397, 402 (Tex.App.-Houston [14th Dist.] 2009, pet. denied). A genuine fact issue exists if reasonable and fair-minded jurors could reach different conclusions after considering the evidence. *See Goodyear Tire & Rubber Co. v. Mayes,* 236 S.W.3d 754, 755 (Tex.2007).

On appeal, we review the summary-judgment motion and evidence *de novo. See Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). We consider the evidence in the light most favorable to the non-movants, indulging reasonable inferences and resolving doubts in their favor. *City of Keller v. Wilson,* 168 S.W.3d 802, 824 (Tex.2005); *Va. Power,* 297 S.W.3d at 402. When, as here, the trial court grants summary judgment without specifying the basis for its ruling, we must affirm if any of the grounds advanced in the motion is meritorious. *See W. Invs., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex. 2005).

### III. ANALYSIS

First, appellants assert that there is a genuine issue of fact regarding whether they were fired by WISD in retaliation for filing a grievance. But even if WISD terminated appellants' employment for this reason, WISD sought summary judgment on the basis that appellants failed to allege any valid legal basis for their claim. We agree with WISD.

Texas has long followed the employment-at-will doctrine: "[E]mployment for an indefinite term may be terminated *at will and without cause." Winters v. Houston Chronicle Publ'g Co.,* 795 S.W.2d 723, 723 (Tex.1990) (citing *E. Line & R.R.R. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99, 102 (1888)) (emphasis added). The employment-at-will doctrine is subject to certain statutory and judicial exceptions. *See id.* at 724. For example, the Legislature has enacted numerous statutes that protect specific groups of employees from certain types of retaliation. *See Austin v. HealthTrust, Inc.-The Hosp. Co.,* 967 S.W.2d 400, 401–02 (Tex.1998) (listing various "whistleblower" statutes enacted by the Legislature). Further, our courts have carved out limited judicial exceptions to the employment-at-will doctrine. For example, an employee may sue for damages if he was discharged solely for refusing to perform an illegal act,[2] and an employer may be liable for wrongful termination by firing an employee simply to avoid contributing to or paying benefits under a pension fund.[3]

Here, however, appellants have not sought relief under any statute that expressly prohibits termination of employment or any of the judicial exceptions recognized by the Texas Supreme Court. Instead, appellants explicitly ask this Court to conclude that Texas Government Code section 617.005 creates an implied statutory cause of action for a public employee "if he is fired in retaliation for exercising his right to file a grievance concerning his wages, hours of employment, or conditions of work." If we conclude that there is no implied statutory cause of action, appellants request that we craft a judicial exception to the long-

---

**2.** *See Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d 733, 735 (Tex.1985).

**3.** *See Winters,* 795 S.W.2d at 724.

standing employment-at-will doctrine to provide them a common-law cause of action.[4] We thus address and reject both of these possibilities in the next sections.

### A. Statutory Exceptions

As noted above, the Legislature has carved out several specific exceptions to the employment-at-will doctrine. *See Winters,* 795 S.W.2d at 724 & n. 1. For example, an employer cannot terminate an employee for (1) reporting certain health and safety violations by an employer,[5] (2) filing a workers' compensation claim,[6] (3) serving on a jury,[7] or (4) being on active military duty.[8] *See, e.g., Winters,* 795 S.W.2d at 724 n. 1 (listing other statutory limitations to employment-at-will doctrine). Unlike these provisions, however, Texas Government Code section 617.005 does not *expressly* confer a cause of action. Instead, the statute only provides:

> This chapter does not impair the right of public employees to present grievances concerning their wages, hours of employment, or conditions of work either individually or through a representative that does not claim the right to strike.

Tex. Gov't Code Ann. § 617.005 (Vernon 2004).

Appellants acknowledge section 617.005 does not directly reference any right of action[9] and instead suggest the statute creates an *implied* cause of action. However, this Court has already rejected that interpretation regarding the predecessor statute, article 5154c of the Revised Civil Statutes:

> The trial court also dismissed appellant's article 5154c "claim" because he failed to state a claim for which relief should be granted. Section 6 of article 5154c states: "The provisions of the Act shall not impair the existing right of public employees to present grievances concerning their wages, hours of work, or conditions of work individually or through a representative that does not claim the right to strike." It has been held that a state agency cannot deny a public employee the right to be represented in a grievance proceeding. *However, we fail to see how this statute gives the representative any "claim" for damages against the agency or individuals*

---

4. Appellants state in their brief, "Appellants submit that there is, *or should be,* a cause of action for a state employee who is fired in retaliation for exercising his lawful right to file a grievance[.]" (emphasis added).

5. Tex. Gov't Code Ann. § 554.002 (Vernon 2004); Tex. Health & Safety Code Ann. § 242.133 (Vernon 2001).

6. Tex. Labor Code Ann. § 451.001 (Vernon 2006).

7. Tex. Civ. Prac. & Rem.Code Ann. § 122.001 (Vernon 2005).

8. Tex. Gov't Code Ann. § 431.006 (Vernon 2005 & Supp.2009).

9. *Compare id., with id.* § 554.002(a) ("A state or local governmental entity may not suspend

or terminate the employment of … a public employee who in good faith reports a violation of law[.]"), *and* Tex. Health & Safety Code Ann. § 242.133 ("An employee has a cause of action against an institution … that suspends or terminates the employment of the [reporting] person[.]"), *and* Tex. Labor Code Ann. § 451.001 ("A person may not discharge or in any other manner discriminate against an employee because the employee has … filed a workers' compensation claim in good faith [.]"), *and* Tex. Civ. Prac. & Rem.Code Ann. § 122.001(a) ("A private employer may not terminate the employment of a permanent employee because the employee serves as a juror."), *and* Tex. Gov't Code Ann. § 431.006(a) ("A private employer may not terminate the employment of a permanent employee who is a member of the state military forces because the employee is ordered to authorized training or duty by proper authority.").

*who allegedly retaliate against that representative.*

*Bagg v. Univ. of Tex. Med. Branch at Galveston,* 726 S.W.2d 582, 587 (Tex.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.) (citations omitted) (emphasis added), *abrogated on other grounds by City of Beaumont v. Bouillion,* 896 S.W.2d 143, 149 (Tex.1995), *as recognized in City of Elsa v. M.A.L.,* 226 S.W.3d 390, 391–92 (Tex.2007). Other courts have interpreted article 5154c similarly, albeit in slightly different factual contexts. *See Corpus Christi Indep. Sch. Dist. v. Padilla,* 709 S.W.2d 700, 707 (Tex. App.-Corpus Christi 1986, no writ) ("We interpret article 5154c, § 6 to ensure only that public employees have access to those in a position of authority in order to air their grievances."); *Russell v. Edgewood Indep. Sch. Dist.,* 406 S.W.2d 249, 251 (Tex.Civ.App.-San Antonio 1966, writ ref'd n.r.e.) (concluding article 5154c could be enforced only through injunction or mandamus, not a tort suit for damages).

■ We conclude that section 617.005 does not create an implied statutory cause of action for damages in favor of public employees who claim to be discharged for filing a grievance.

### B. Judicial Exceptions

■ As noted above, to date, the Supreme Court of Texas has created only very limited judicial exceptions to the employment-at-will doctrine. *See, e.g., Winters,* 795 S.W.2d at 724; *Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d 733, 735 (Tex.1985). Appellants acknowledge that their claim does not fit within any recognized common-law exceptions, and it is not

an appropriate role for this court to further erode the employment-at-will doctrine through additional exceptions. *See Hancock v. Express One Int'l, Inc.,* 800 S.W.2d 634, 636 (Tex.App.-Dallas 1990, writ denied) ("It is not for an intermediate appellate court to undertake to enlarge or extend the grounds for wrongful discharge under the employment-at-will doctrine. If such an exception is to be created, the Texas Supreme Court should do so."); *Brunner v. Al Attar,* 786 S.W.2d 784, 786 (Tex.App.-Houston [1st Dist.] 1990, writ denied); *Jennings v. Minco Tech. Labs, Inc.,* 765 S.W.2d 497, 500–02 (Tex.App.-Austin 1989, writ denied).[10]

Under these circumstances, we decline appellant's invitation to expand the limited common-law exceptions to the at-will employment doctrine under the facts of this case.

### IV. CONCLUSION

In sum, we conclude that there is no implied statutory cause of action created by Texas Government Code section 617.005. We leave to the Legislature the task of crafting remedies for retaliation by employers and to the Supreme Court of Texas any expansion of the common-law exceptions to the at-will employment doctrine. Because appellants have not asserted any legally cognizable basis for their claim, WISD was entitled to summary judgment. Accordingly, we overrule appellants' sole appellate issue and affirm the trial court's judgment.

---

**10.** It is noteworthy that the Supreme Court of Texas has refrained from expanding common-law exceptions to the employment-at-will doctrine, even when faced with situations in which an employee has alleged he was terminated for reporting conduct that posed a

threat to public safety and health. *See Austin,* 967 S.W.2d at 401–03 (noting that, rather than crafting a general common-law whistleblower action, it is more appropriate to "leave to the Legislature the task of crafting remedies for retaliation by employers").