Affirmed and Opinion filed August 31,
2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00072-CV



Tim Johnson and Ed White, Appellants 

v.

Waxahachie
Independent School District, Appellee 



On Appeal from
the 40th District Court

Ellis County, Texas

Trial Court
Cause No. 68721



 

OPINION

Appellants Tim Johnson and Ed White sued their former
employer, Waxahachie Independent School District (“WISD”), for unlawful
termination.  Johnson and White alleged that WISD terminated their employment
because they filed an employment grievance pursuant to Texas Government Code
section 617.005.  As is relevant to this appeal, WISD sought summary judgment
on the ground that appellants’ claim does not fall within a recognized
exception to the employment-at-will doctrine.  The trial court granted summary
judgment to WISD, prompting this appeal.  Appellants urge this Court to
recognize a new cause of action that would permit a public employee to sue his employer
for damages if his employment is terminated in retaliation for pursuing a
grievance under section 617.005.  We affirm.

I.  Background

            Johnson and White were employed by WISD as
maintenance coordinators.  In August 2003, they filed a written grievance
against certain members of the WISD Board of Trustees, complaining of
harassment, stalking, and micro-management of WISD maintenance department
employees.  Appellants claim that WISD Superintendent Bobby Parker told them that
filing the grievance “sealed their fate” with the school district.  The next
day, appellants were placed on paid administrative leave pending an
investigation.  Five days later, their employment was terminated.  Johnson and
White appealed the termination of their employment through WISD’s
administrative procedures; their administrative appeal was denied by the WISD
Board of Trustees in November 2003.

            In September
2004, appellants sued WISD for wrongful termination,[1] alleging
that they were retaliated against for filing a grievance against the WISD board
members.  As is relevant here, WISD moved for summary judgment on the ground
that there is no cause of action for a public employee whose employment is
terminated in retaliation for filing a workplace-related grievance.  The trial
court granted summary judgment to WISD without specifying the basis for its
ruling.

            In a single
appellate issue, appellants contend the trial court erred by granting summary
judgment on their claim.  We address their issue after considering the legal
standard we use to review the trial court’s summary-judgment ruling.

II.  Standard
of Review

We review the trial court’s order granting summary
judgment under well-established standards.  See Seidner v. Citibank (S.D.)
N.A., 201 S.W.3d 332, 334 (Tex. App.—Houston [14th Dist.] 2006, pet.
denied).  That is, a party moving for traditional summary judgment—here, WISD—must
prove its entitlement to judgment as a matter of law.  See Tex. R. Civ.
P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).
 At that point, the burden shifts to the non-movants—in this case, Johnson and
White—to raise a genuine issue of material fact to defeat summary judgment.  See
Va. Power Energy Mktg., Inc. v. Apache Corp., 297 S.W.3d 397, 402 (Tex.
App.—Houston [14th Dist.] 2009, pet. denied).  A genuine fact issue exists if
reasonable and fair-minded jurors could reach different conclusions after
considering the evidence.  See Goodyear Tire & Rubber Co. v. Mayes,
236 S.W.3d 754, 755 (Tex. 2007).

On appeal, we review the summary-judgment motion and
evidence de novo. See Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  We consider the evidence in the light most favorable
to the non-movants, indulging reasonable inferences and resolving doubts in their
favor.  City of Keller v. Wilson, 168 S.W.3d 802, 824 (Tex. 2005); Va.
Power, 297 S.W.3d at 402.  When, as here, the trial court grants summary
judgment without specifying the basis for its ruling, we must affirm if any of
the grounds advanced in the motion is meritorious.  See W. Invs., Inc. v.
Urena, 162 S.W.3d 547, 550 (Tex. 2005). 

III.  Analysis

First, appellants assert that there is a genuine
issue of fact regarding whether they were fired by WISD in retaliation for
filing a grievance.  But even if WISD terminated appellants’ employment for
this reason, WISD sought summary judgment on the basis that appellants failed
to allege any valid legal basis for their claim.  We agree with WISD.

Texas has long followed the employment-at-will
doctrine:  “[E]mployment for an indefinite term may be terminated at will
and without cause.”  Winters v. Houston Chronicle Publ’g Co., 795
S.W.2d 723, 723 (Tex. 1990) (citing E. Line & R.R.R. Co. v. Scott,
72 Tex. 70, 10 S.W. 99, 102 (1888)) (emphasis added).  The employment-at-will
doctrine is subject to certain statutory and judicial exceptions.  See id.
at 724.  For example, the Legislature has enacted numerous statutes that
protect specific groups of employees from certain types of retaliation.  See
Austin v. HealthTrust, Inc.–The Hosp. Co., 967 S.W.2d 400, 401–02 (Tex.
1998) (listing various “whistleblower” statutes enacted by the Legislature). 
Further, our courts have carved out limited judicial exceptions to the
employment-at-will doctrine.  For example, an employee may sue for damages if
he was discharged solely for refusing to perform an illegal act,[2] and an employer
may be liable for wrongful termination by firing an employee simply to avoid
contributing to or paying benefits under a pension fund.[3] 

Here, however, appellants have not sought relief
under any statute that expressly prohibits termination of employment or any of
the judicial exceptions recognized by the Texas Supreme Court.  Instead, appellants
explicitly ask this Court to conclude that Texas Government Code section
617.005 creates an implied statutory cause of action for a public
employee “if he is fired in retaliation for exercising his right to file a
grievance concerning his wages, hours of employment, or conditions of work.” 
If we conclude that there is no implied statutory cause of action, appellants
request that we craft a judicial exception to the long-standing
employment-at-will doctrine to provide them a common-law cause of action.[4]  We thus address
and reject both of these possibilities in the next sections.

A.        Statutory
Exceptions

As noted above, the Legislature has carved out
several specific exceptions to the employment-at-will doctrine.  See Winters,
795 S.W.2d at 724 & n.1.  For example, an employer cannot terminate an
employee for (1) reporting certain health and safety violations by an employer,[5]
(2) filing a workers’ compensation claim,[6] (3) serving on a jury,[7]
or (4) being on active military duty.[8] 
See, e.g., Winters, 795 S.W.2d at 724 n.1 (listing other
statutory limitations to employment-at-will doctrine).  Unlike these
provisions, however, Texas Government Code section 617.005 does not expressly
confer a cause of action.  Instead, the statute only provides:

This chapter does not impair the right of public employees
to present grievances concerning their wages, hours of employment, or
conditions of work either individually or through a representative that does
not claim the right to strike.

Tex. Gov’t Code Ann. §
617.005 (Vernon 2004).  

Appellants acknowledge section 617.005 does not
directly reference any right of action[9]
and instead suggest the statute creates an implied cause of action. 
However, this Court has already rejected that interpretation regarding the
predecessor statute, article 5154c of the Revised Civil Statutes:

            The trial court also dismissed appellant’s
article 5154c “claim” because he failed to state a claim for which relief
should be granted.  Section 6 of article 5154c states:  “The provisions of the
Act shall not impair the existing right of public employees to present
grievances concerning their wages, hours of work, or conditions of work
individually or through a representative that does not claim the right to
strike.”  It has been held that a state agency cannot deny a public employee
the right to be represented in a grievance proceeding.  However, we fail to
see how this statute gives the representative any “claim” for damages against
the agency or individuals who allegedly retaliate against that representative.

Bagg v. Univ. of Tex. Med.
Branch at Galveston, 726 S.W.2d 582, 587 (Tex. App.—Houston [14th Dist.]
1987, writ ref’d n.r.e.) (citations omitted) (emphasis added), abrogated on
other grounds by City of Beaumont v. Bouillion, 896 S.W.2d 143, 149 (Tex.
1995), as recognized in City of Elsa v. M.A.L., 226 S.W.3d 390, 391–92
(Tex. 2007).  Other courts have interpreted article 5154c similarly, albeit in
slightly different factual contexts.  See Corpus Christi Indep. Sch. Dist.
v. Padilla, 709 S.W.2d 700, 707 (Tex. App.—Corpus Christi 1986, no writ)
(“We interpret article 5154c, § 6 to ensure only that public employees have
access to those in a position of authority in order to air their grievances.”);
Russell v. Edgewood Indep. Sch. Dist., 406 S.W.2d 249, 251 (Tex. Civ.
App.—San Antonio 1966, writ ref’d n.r.e.) (concluding article 5154c could be
enforced only through injunction or mandamus, not a tort suit for damages).  

We conclude that section 617.005 does not create an
implied statutory cause of action for damages in favor of public employees who claim
to be discharged for filing a grievance.  

B.        Judicial
Exceptions

As noted above, to date, the Supreme Court of Texas has
created only very limited judicial exceptions to the employment-at-will
doctrine.  See, e.g., Winters, 795 S.W.2d at 724; Sabine Pilot
Serv., Inc. v. Hauck, 687 S.W.2d 733, 735 (Tex. 1985).  Appellants acknowledge
that their claim does not fit within any recognized common-law exceptions, and
it is not an appropriate role for this court to further erode the
employment-at-will doctrine through additional exceptions.  See Hancock v.
Express One Int’l, Inc., 800 S.W.2d 634, 636 (Tex. App.—Dallas 1990, writ
denied) (“It is not for an intermediate appellate court to undertake to enlarge
or extend the grounds for wrongful discharge under the employment-at-will
doctrine.  If such an exception is to be created, the Texas Supreme Court
should do so.”); Brunner v. Al Attar, 786 S.W.2d 784, 786 (Tex.
App.—Houston [1st Dist.] 1990, writ denied); Jennings v. Minco Tech. Labs,
Inc., 765 S.W.2d 497, 500–02 (Tex. App.—Austin 1989, writ denied).[10]   

Under these circumstances, we decline appellant’s
invitation to expand the limited common-law exceptions to the at-will
employment doctrine under the facts of this case.  

IV.  Conclusion

In sum, we conclude that there is no implied statutory
cause of action created by Texas Government Code section 617.005.  We leave to
the Legislature the task of crafting remedies for retaliation by employers and
to the Supreme Court of Texas any expansion of the common-law exceptions to the
at-will employment doctrine.  Because appellants have not asserted any legally
cognizable basis for their claim, WISD was 





entitled to summary judgment.  Accordingly, we overrule appellants’ sole
appellate issue and affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

Panel
consists of Chief Justice Adele Hedges and Justices Kem Thompson Frost and Kent
C. Sullivan.








 









[1]
Johnson and White originally sued both WISD and several individual WISD
employees.  See Johnson v. Tims, No. 10-05-00006-CV, 2005 WL 1531336, at
*1 (Tex. App.—Waco Jun. 29, 2005, pet. denied) (mem. op.).  They sued the
individual WISD employees for malicious prosecution arising out of criminal
charges filed against them after their employment was terminated.  Id.  The
WISD employees filed a plea to the jurisdiction and a motion to dismiss; the
trial court granted the motion to dismiss. Id. The Tenth Court of
Appeals reversed and remanded with instructions to abate to allow Johnson and
White to exhaust their administrative remedies with WISD. Id. at *2. WISD’s
plea to the jurisdiction was denied; the Waco Court of Appeals affirmed the
trial court’s denial of WISD’s plea.  See Waxahachie Indep. Sch. Dist. v.
Johnson, 181 S.W.3d 781 (Tex. App.—Waco 2005, pet. denied).  This appeal
follows the remand of Johnson’s and White’s wrongful-termination claims against
WISD.





[2]
See Sabine Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733, 735 (Tex. 1985).





[3]
See Winters, 795 S.W.2d at 724.





[4]
Apellants state in their brief, “Appellants submit that there is, or should
be, a cause of action for a state employee who is fired in retaliation for
exercising his lawful right to file a grievance[.]” (emphasis added).





[5]
Tex. Gov’t Code Ann. § 554.002 (Vernon 2004); Tex. Health & Safety Code
Ann. § 242.133 (Vernon 2001).





[6]
Tex. Labor Code Ann. § 451.001 (Vernon 2006).





[7]
Tex. Civ. Prac. & Rem. Code Ann. § 122.001 (Vernon 2005).





[8]
Tex. Gov’t Code Ann. § 431.006 (Vernon 2005 & Supp. 2009).





[9]
Compare id., with id. § 554.002(a) (“A state or local
governmental entity may not suspend or terminate the employment of . . . a
public employee who in good faith reports a violation of law[.]”), and
Tex. Health & Safety Code Ann. § 242.133 (“An employee has a cause of
action against an institution . . . that suspends or
terminates the employment of the [reporting] person[.]”), and Tex. Labor
Code Ann. § 451.001 (“A person may not discharge or in any other manner
discriminate against an employee because the employee has . . . filed
a workers’ compensation claim in good faith[.]”), and Tex. Civ. Prac.
& Rem. Code Ann. § 122.001(a) (“A private employer may not terminate the
employment of a permanent employee because the employee serves as a juror.”), and
Tex. Gov’t Code Ann. § 431.006(a) (“A private employer may not terminate the
employment of a permanent employee who is a member of the state military forces
because the employee is ordered to authorized training or duty by proper
authority.”).  





[10]
It is noteworthy that the Supreme Court of Texas has refrained from expanding
common-law exceptions to the employment-at-will doctrine, even when faced with
situations in which an employee has alleged he was terminated for reporting
conduct that posed a threat to public safety and health.  See Austin,
967 S.W.2d at 401–03 (noting that, rather than crafting a general common-law
whistleblower action, it is more appropriate to “leave to the Legislature the
task of crafting remedies for retaliation by employers”).