TEXAS NATIONAL BANK, Petitioner,

v.

Dewey J. KARNES, et ux, Respondents.

No. C–5546.

Supreme Court of Texas.

Oct. 22, 1986.

Dewey J. Gonsoulin, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for petitioner.

Joe Lee Register, Lufkin, for respondents.

## PER CURIAM.

This is a secured transaction case involving issues of the scope of appellate review and the recoverability of punitive damages. Respondents Dewey and Alice Karnes sued Texas National Bank for improper disposition of repossessed collateral and for conversion. The trial court rendered judgment for the plaintiffs which included punitive damages. The court of appeals modified the trial court's judgment by granting attorney's fees and ordering remittitur of some punitive damages. 711 S.W.2d 389. We reverse the court of appeals' attorney's fees judgment because it was based on unassigned error. We also reverse the court of appeals' punitive damage judgment because there was no finding of actual damages in tort.

David Karnes, the son of Dewey and Alice Karnes, arranged financing with the Texas National Bank to buy a van. The note impressed a lien on the van's certificate of title and was co-signed by his mother.

In May of 1979, David defaulted on the note, and the bank repossessed the van. The Karneses had a joint savings account at Texas National Bank and the entire note balance, $3,474.41, was charged against their account. The Karneses discovered the charge approximately four months later. The bank did not sell the van until five years after repossession. Moreover, the Karneses never received credit for the value of the vehicle.

The Karneses sued alleging that Texas National Bank converted the funds it debited from their savings account and disposed of the van in a commercially unreasonable manner. The jury found that the bank failed to make a commercially reasonable disposition of the collateral; fraudulently obtained possession of the savings account funds; and intentionally concealed the withdrawal from the savings account. The jury also found that the Karneses were entitled to punitive damages and attorney's fees.

The trial court rendered judgment for $3474.41. The parties had stipulated this damage amount in the event the jury returned a verdict against the bank on the commercially reasonable disposition issue. No actual damage issues were submitted to the jury nor were there any other stipulations. Based on the jury's verdict, the trial court also awarded $50,000 in punitive damages. The court refused to make a separate award of attorney's fees holding that the fees were an element considered by the jury in determining the amount of punitive damages.

On appeal, the parties did not brief or argue that the trial court's failure to specifically award attorney's fees was erroneous. Nevertheless, the court of appeals indepen

dently granted attorney's fees because it disagreed with the trial court's judgment.

 The court of appeals may not reverse a trial court's judgment in the absence of properly assigned error. *Central Educ. Agency v. Burke,* 711 S.W.2d 7, 8 (Tex.1986); *Prudential Ins. Co. v. J.R. Franclen, Inc.,* 710 S.W.2d 568, 569 (Tex. 1986); *Gulf Consol. Int'l Inc. v. Murphy,* 658 S.W.2d 565, 566 (Tex.1983). Here, the trial court's refusal to grant attorney's fees was not assigned as error by either party. Accordingly, the court of appeal's modification of the trial court's judgment conflicts with our decisions in *Central Educ. Agency, Prudential Ins. Co.,* and *Gulf Consol. Int'l Inc.*

The court of appeals also modified the trial court's punitive damage judgment. The court concluded the award of "some" punitive damages was justified based on its finding that the bank committed seven separate and independent torts. The court held that $50,000 was excessive and ordered a $30,000 remittitur.

█ Punitive damages are not recoverable for breach of contract. *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986); *Bellefonte Underwriters Ins. Co. v. Brown,* 704 S.W.2d 742, 745 (Tex. 1986); *Amoco Prod. Co. v. Alexander,* 622 S.W.2d 563, 571 (Tex.1981). The party seeking punitive damages must obtain at least one finding of an independent tort with accompanying actual damages. *Jim Walter Homes,* 711 S.W.2d at 618; *Bellefonte Underwriters Ins. Co.,* 704 S.W.2d at 745. The court of appeals exceeds its authority when it implies a finding of actual damages in tort because a court of appeals cannot make original findings of fact, it can only "unfind" facts. *Id.; City of Beaumont v. Graham,* 441 S.W.2d 829, 832–33 (Tex.1969).

In this case, actual damages were awarded in connection with only one issue—the bank's failure to dispose of the collateral in a commercially reasonable manner. If this issue sounds in contract, no punitive damages should have been awarded.

The disposition of repossessed collateral must be commercially reasonable. Tex. Bus. & Com.Code § 9.504 (Vernon Supp. 1986). This provision is an implied covenant in all contracts governed by Article 9. Tex.Bus. & Com.Code § 9.102 (Vernon Supp.1986). Thus, the bank's breach of this implied covenant gave rise to a cause of action which sounds in contract. Tex. Bus. & Com.Code § 9.507 (Vernon Supp. 1986); *see, e.g., First City Bank v. Guex,* 677 S.W.2d 25, 30 (Tex.1983); *Sheppard Federal Credit Union v. Palmer,* 408 F.2d 1369 (5th Cir.1969).

█ The Karneses did not obtain a finding that they suffered actual damages in tort. While we are not to be understood as expressing approval of Texas National Bank's business practices in this case, the court of appeals' affirmance of some punitive damages conflicts with our opinions in *Jim Walters Homes, Inc., Bellefonte Underwriters Ins. Co.,* and *Amoco Prod. Co.*

Consequently, we grant the application for writ of error, and, pursuant to Tex.R. App.P. 133(b), without hearing oral argument, reverse and vacate that part of the court of appeals' judgment which awarded attorney's fees and punitive damages. The remainder of the court of appeals' judgment is affirmed.