**INTERNATIONAL BANK, N.A.**

v.

**Roberto MORALES**

**No. C-6147.**

Supreme Court of Texas.

April 29, 1987.

Rehearing Denied Oct. 21, 1987.

Dennis Sanchez, Sanchez, Whittington & Sanchez, Brownsville, Rollins M. Koppel and Jeffrey L. Jackson, Koppel, Ezell, Jackson & Powers, Harlingen, for petitioner.

E. Dale Robertson, Robertson & Nunez, Brownsville, Larry Zinn, San Antonio, for respondent.

## OPINION

GONZALEZ, Justice.

The primary issue in this suit for damages for wrongful foreclosure of collateral is the propriety of an award of exemplary damages. Roberto Morales obtained a loan from International Bank and pledged jewelry as collateral. When Morales defaulted, the Bank sold the collateral without written notice. Based on a jury verdict, the trial court rendered judgment for Morales for $100,000 in actual damages and $190,000 in exemplary damages. In an unpublished opinion, the court of appeals affirmed. We affirm the judgment of the court of appeals as to actual damages and reverse and render as to exemplary damages.

Morales obtained a $12,000 loan from the bank and used eighteen rings and a watch as collateral. Under the security agreement, the Bank was obligated to give him written notice of its intention to satisfy the debt by sale of the collateral. When Morales failed to make the first payment, the Bank sent him a total of three letters, the last demanding a $2,000 payment by a certain date or the matter would be turned over to the legal department. Thirty days after Morales failed to make the payment, the Bank sold the jewelry at a private sale for $14,000 without written notice to Morales. After Morales filed suit, the Bank repurchased the jewelry, minus one ring,

for $50,000. The jewelry was tendered to Morales upon payment of the note and he refused the offer. Morales' suit alleged that the Bank had failed to dispose of the collateral in a commercially reasonable manner.

The jury made the following findings:

(1) the Bank failed to act in a commercially reasonable manner;

(2) the market value of the jewelry on the date of the sale was $100,000;

(3) Morales did not suffer any additional loss; and

(4) the sale of the jewelry was made in heedless and reckless disregard of Morales' rights.

On appeal, the Bank contends that the court of appeals erred in affirming the judgment of the trial court because there was no evidence of the following:

(1) the market value of the jewelry on the date of sale;

(2) gross negligence; or

(3) a separate tort.

We will first consider the actual damages issue. In reviewing no evidence points, we consider only the evidence and inferences tending to support the jury verdict and disregard all evidence to the contrary. If there is any evidence of probative value to support the jury verdict, we must affirm. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

Morales testified that he purchased the jewelry between February of 1980 and May of 1981 for approximately $144,000. A jewelry store owner testified that he placed the value of the jewelry at $40,000 to $50,000 if it was sold in a group. He also testified that this amount was a distress sale value and that this was approximately half of the normal value. Another jeweler placed the value of the jewelry repurchased by the bank at $70,615 plus or minus 10%. This evaluation did not include the missing ring. Also, a Bank officer testified that the Bank's policy was to loan only 40 to 60% of the value of the jewelry offered as collateral. Morales testified that the Bank offered to loan him up to $40,000 on the jewelry.

We hold that the above testimony, taken as a whole, constitutes some evidence to sustain the jury's finding of $100,000 as to actual damages.

The duty to dispose of collateral in a commercially reasonable manner is an implied covenant in all contracts under Tex. Bus. & Comm.Code Ann. § 9.504 (Vernon Supp.1986). Breach of the covenant gives rise to a cause of action sounding in contract for which punitive damages may not be awarded. Before a plaintiff may receive exemplary damages on breach of an implied covenant, a finding of an independent tort with accompanying actual damages must be obtained. *Texas Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex.1986); *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex.1986). In the case before us, there was no finding of an independent tort nor actual damages accompanying said tort. Further, there is no evidence of gross negligence.

The judgment of the trial court and court of appeals as to exemplary damages is reversed and judgment is rendered that Morales take nothing as to exemplary damages. The remainder of the judgment is affirmed.