NAGEL MANUFACTURING AND SUPPLY COMPANY, Appellant,

v.

Lucy ULLOA, Appellee.

No. 3–90–175–CV.

Court of Appeals of Texas, Austin.

June 19, 1991.

Scott R. Kidd, Brown Maroney and Oaks Hartline, Austin, for appellant.

Nell Hahn, Hahn, Levy & East, P.C., Austin, for appellee.

Before CARROLL, C.J., and JONES and SMITH, JJ.

## ON MOTION FOR REHEARING

SMITH, Justice.

The opinion issued by this Court on April 24, 1991, is withdrawn, and the following is filed in lieu thereof.

Lucy Ulloa sued Nagel Manufacturing and Supply Co. ("Nagel") for damages she sustained from being assaulted and sexually harassed by Nagel's plant superintendent, Tommy Sanchez, and from being discharged in retaliation for reporting the offensive acts to management. The jury returned a verdict in favor of Ulloa awarding zero damages for mental or emotional harm from the assault, $7,100 for lost wages from the unlawful harassment, $15,000 in exemplary damages and attorneys' fees. The court rendered judgment in accordance with the jury verdict. Nagel brought a limited appeal complaining that the verdict does not support an award of exemplary damages. We affirm the trial court's judgment.

In November 1987, Lucy Ulloa filed a charge of discrimination and retaliatory discharge with the Texas Commission on Human Rights. She received notice of her right to file a civil action under § 7.01(a) of the Texas Commission on Human Rights Act, Tex.Rev.Civ.Stat.Ann. art. 5221k, §§ 1.01–10.05 (1987 & Supp.1991) ("Human Rights Act").

Ulloa brought three causes of action in state district court against Nagel: (1) unlawful harassment based on sex discrimination, retaliatory employment practices, and

retaliatory discharge; (2) assault; and (3) intentional infliction of emotional distress. Ulloa sought a declaration of her rights under the Human Rights Act, reinstatement to her job, an injunction prohibiting further sexual harassment, lost wages, compensatory and exemplary damages, and attorneys' fees.

The jury found that: (1) Sanchez assaulted Ulloa; (2) in the course and scope of his employment; and (3) the assault proximately caused damage to Ulloa. The jury also found that: (1) Sanchez sexually harassed Ulloa; (2) proximately causing damage to her; and (3) she was terminated in retaliation for reporting Sanchez' conduct to the assistant plant manager. The jury awarded $7,100 in lost wages resulting from the unlawful harassment, zero damages for mental anguish and emotional distress from the assault, attorneys' fees, and $15,-000 in exemplary damages for the assault. The jury found in favor of Nagel on the action for intentional infliction of emotional distress.

■ Nagel filed a limited appeal complaining that the trial court erred in rendering judgment for exemplary damages, a remedy not available under the Human Rights Act, when the jury had awarded no actual damages for the assault. Because Nagel properly filed a limited appeal, we must presume that nothing omitted from the record is relevant to the disposition of the appeal. Tex.R.App.P.Ann. 53(d) (Pamph.1990); see also Producer's Constr. Co. v. Muegge, 669 S.W.2d 717, 718 (Tex. 1984). The statement of facts is not before this Court and because Nagel relies on the transcript alone to establish error, we restrict our review to the transcript to determine whether the district court erred in rendering a judgment for exemplary damages.

■ As a general rule the right to recover exemplary damages depends on a finding that the plaintiff suffered actual damages as a result of an underlying tort. Nabours v. Longview Sav. & Loan Ass'n, 700 S.W.2d 901, 903 (Tex.1985); Doubleday & Co., Inc. v. Rogers, 674 S.W.2d 751, 753–4 (Tex.1984). The plaintiff must allege, prove and secure jury findings on the existence and amount of actual damage sufficient to support an award of exemplary damage. Nabours, 700 S.W.2d at 903.

Nagel argues that because the jury found no actual damages resulting from the assault on Ulloa there is no basis for the trial court's award of exemplary damages. We disagree. The jury found that the assault proximately caused damages to Ulloa.[1] While Ulloa failed to persuade the jury that she had suffered mental anguish or emotional distress as a result of the assault,[2] she proved that she had sustained damages in the nature of lost wages as a result of the unlawful harassment by Nagel's employee. Because of the way the jury issues were framed, we hold that this finding supports the award of exemplary damages.

■ Sexual harassment, as the court defined it for the jury, "means to engage in unwelcome sexual advances, requests for sexual favors, sexually abusive or vulgar language, or other verbal, visual or *physical conduct*," if compliance is made a condition of employment or used as a basis for an employment decision or if such conduct interferes with work performance or creates an intimidating, hostile or offensive working environment.[3] This definition of

---

1. Jury question two: "Did the assault, if you have found such occurred, proximately cause damages to Lucy Ulloa?"
   Answer: "yes."

2. Jury question four: "What sum of money, if any, if paid now in cash would fairly and reasonably compensate Lucy Ulloa for her damages, if any, resulting from the assault, if you have found such occurrence?
   You may consider the following elements of damage and none other: Mental anguish and emotional distress in the past and that which, in

reasonable probability, she will sustain in the future."
Answer: "[zero.]"

3. Jury question nine (emphasis added): "Did Tommy Sanchez sexually harass Lucy Ulloa?
   'Sexually harass', as used in this question, means to engage in unwelcome sexual advances, requests for sexual favors, sexually abusive or vulgar language, or other verbal, visual or *physical conduct* if (a) Submission is made either explicitly or implicitly a term or

harassment, which includes physical conduct, overlaps with the court's definition of assault: "You are instructed that Mr. Sanchez committed an assault if Mr. Sanchez intentionally or knowingly caused *physical contact* with Ms. Ulloa when Mr. Sanchez knew or should reasonably have believed that Ms. Ulloa would regard the contact as offensive or provocative." [4] Not all sexual harassment includes unwelcome physical contact; but when the jury found that Nagel's employee committed an assault and committed unlawful harassment, the trial court properly concluded that the award of lost wages sounded in tort and supported the award of exemplary damages. The findings that there was an assault and that the assault proximately caused Ulloa's damages [5] support this interpretation.

■ Nagel relies on a long line of Texas cases holding that there must be actual damages to support an award of exemplary damages. *See Juliette Fowler Homes, Inc. v. Welch Assoc., Inc.*, 793 S.W.2d 660, 667 (Tex.1990); *Nabours*, 700 S.W.2d at 904; *Doubleday*, 674 S.W.2d at 753–4. Two rationales underlie the rule requiring actual damages to support an award of exemplary damages: 1) the law should not punish wrongful conduct in the absence of actual injury, and 2) an actual damages award helps the court insure that exemplary damages are a product of reason not passion. *See Consolidated Texas Financial v. Shearer*, 739 S.W.2d 477, 480 (Tex. App.1987, writ ref'd). In the present case, the jury found that Ulloa sustained actual injury and awarded actual damages in an amount that gives this court a "yardstick" to hold that the exemplary damages were not excessive.

More specifically Nagel argues that exemplary damages can be awarded only when the plaintiff receives actual damages for which exemplary damages are recoverable. *Texas Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex.1986); *Bellefonte Underwriters Ins. Co. v. Brown*, 704 S.W.2d 742, 744–5 (Tex.1986). These cases hold that actual damages recovered for a contract claim will not sustain an award of exemplary damages. In *Karnes* the jury found a breach of contract but no damages in tort and awarded exemplary damages. The court of appeals, finding some evidence of tortious conduct that raised jury issues in tort, upheld the exemplary damages. The supreme court held that the appellate court could not imply a finding of actual damages in tort and overruled the exemplary damages award. 717 S.W.2d at 903.

■ In *Bellefonte* the jury awarded actual damages for breach of contract and $1,000,000 as exemplary damages. Appellant argued that one special issue was broad enough to include an award of damages both in contract and in tort. The supreme court noted that appellant had not mentioned which specific tort might have been included in the submission and found that the jury question, on its face, inquired only into contract damages. 704 S.W.2d at 745. By contrast, in this case the jury submission on harassment overlaps with the submission on assault, and we conclude that it is broad enough to include an award of damages in tort.

We are required to examine the entire verdict and indulge every reasonable pre-

condition of employment; (b) Submission to or rejection of such conduct is used as the basis for employment decisions; or (c) Such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment."
Answer: "yes."

4. Jury question one, instruction (emphasis added).

The charge defined assault to include physical contact, usually referred to as a battery. It is unclear why question three, damages for the

assault, was restricted to a consideration of mental anguish and emotional distress.
The instruction about damages accompanying that question reads: "You may consider the following elements of damage and none other: Mental anguish and emotional distress in the past and that which, in reasonable probability, she will sustain in the future."

5. Jury question one: "Do you find that Tommy Sanchez assaulted Lucy Ulloa?"

Answer: "yes."
*See* jury question two, reproduced in footnote two.

sumption in favor of the trial court's judgment. *Godde v. Wood*, 509 S.W.2d 435, 442 (Tex.Civ.App.1974, writ ref'd n.r.e.); *see also Warren v. Denison*, 563 S.W.2d 299, 303–304 (Tex.Civ.App.1978, no writ). The jury found that Nagel's employee, Sanchez, in the course of his employment, committed an assault which proximately caused damages to Ulloa; the jury found that Nagel's employee had committed acts constituting unlawful harassment, including unwelcome physical contact; and the jury found the acts of harassment had caused Ulloa to suffer actual damages in the form of lost wages. This award of actual damages for conduct found to include an assault will support the trial court's judgment, including the award of exemplary damages. We overrule appellant's point of error. Accordingly, we affirm the judgment of the trial court.