NO. 07-03-0393-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 4, 2005

______________________________

REUBEN LOWING AND ORLIN NORRIS, JR., APPELLANTS

V.

DARYL WILLIAMS, APPELLEE

_________________________________

FROM THE 72
ND
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-521,472; HONORABLE J. BLAIR CHERRY, JR., JUDGE

_______________________________

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

CONCURRING OPINION

Appellant Lowing’s second issue urges that the forum selection clause at issue deprived the trial court of jurisdiction.  Enforcement of forum-selection clauses do not, however, deprive Texas courts of jurisdiction.  
See
 
General Resources Org., Inc. v. Deadman
, 907 S.W.2d 22, 27-8 (Tex.App.–San Antonio 1995, writ denied).  
See
, 
also
, 
The Bremen v. Zapata Off-Shore Co.
, 407 U.S. 1, 12-13, 92 S.Ct. 1907, 1914.  Thus, even though Williams did not plead or prove the unreasonableness, unjustness, or invalidity of the clause, as was his burden if he contested the clause, 
see
 
In re Automated Collection Technologies., Inc
., _ S.W.3d _, _ (Tex. 2004); 
In re AIU Ins
. Co., _ S.W.3d _, _ (Tex. 2004) (Texas courts must specifically enforce forum-selection clauses unless the party opposing enforcement clearly shows that enforcement would be unreasonable and unjust, or that the clause is invalid for some reason such as fraud or overreaching), Lowing’s issue must be overruled.  
See
 
Texas Nat’l Bank v. Karnes
, 717 S.W.2d 901, 903 (Tex.1986).  

I concur in the result reached by the majority.  

Phil Johnson

Chief Justice