**Dissenting Opinion issued April 30, 2019**



In The

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-18-00127-CV**

———————————

**IN RE ALIEF VIETNAMESE ALLIANCE CHURCH
AND PHAN PHUNG HUNG, Relators**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**DISSENTING OPINION**

Mandamus is not a tool to be used lightly. Instead, it "is an extraordinary remedy, reserved for manifest and urgent necessity, and will not issue unless relator satisfies a heavy burden of establishing compelling circumstances." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996) (orig. proceeding) (internal quotations and citation omitted). The two opposing versions of events presented in this defamation case make it a poor fit for mandamus relief. According to Paul

Nguyen, he did not have an extramarital affair, he was not subject to church discipline, he decided to step back from his church leadership role for unrelated reasons before his wife brought her concerns to Pastor Hung, and he remained a church member. But, according to the church and its pastor, Paul Nguyen retreated from church life as some form of self-imposed church discipline for having an affair. Depending on which version an eventual factfinder found credible, Pastor Hung was either spreading damaging untrue gossip or he was talking to the church community about ecclesiastical matters beyond the reach of secular courts. On this record, we cannot say. *See Tex. Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986) (stating that "a court of appeals cannot make original findings of fact"); *Bellefonte Underwriters Ins. Co. v. Brown*, 704 S.W.2d 742, 744 (Tex. 1986) ("Findings of fact are the exclusive province of the jury and/or trial court.").

Without a fact finding about whether Nguyen was in fact under church discipline, we cannot determine whether this case is inextricably intertwined with ecclesiastical matters or is instead a defamation case that happens to be located in a religious community. Per the allegations, Pastor Hung offered salacious and concerning information about Nguyen to others without mentioning church discipline. Specifically, when fellow churchgoers inquired about Nguyen's absence, Pastor Hung told a church officer that Nguyen had committed adultery with a parishioner and that, as a result, Nguyen was no longer a Deacon and no

longer attended services. According to Nguyen, Pastor Hung also told a meeting of pastors in Austin that Nguyen was no longer a member or elder of the Church. There is no allegation that Pastor Hung mentioned church discipline either time.

The fact question of whether Nguyen was under church discipline is not something we can or should resolve on mandamus. *See, e.g.*, *Diocese of Galveston-Houston v. Stone*, 892 S.W.2d 169, 177–178 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding) (determining that a fact issue existed on whether termination decision implicated religious concerns and holding that "[i]t is precisely because this factual dispute exists that mandamus is improper."). That fact question is something that must be decided by the trial court. Accordingly, I respectfully dissent.


Sarah Beth Landau
Justice


Panel consists of Justices Keyes, Higley, and Landau.

Justice Landau, dissenting.