# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00308-CV

---

**Adam McNitt, Appellant**

**v.**

**Lakeline Crossing Phase 2 LP and AVBH Lakeline Crossing, LLC, Appellees**

---

### FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 21-0105-C26, THE HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Adam McNitt appeals the take-nothing summary judgment rendered on his claims against Lakeline Crossing Phase 2 LP (Lakeline) and AVBH Lakeline Crossing, LLC (AVBH). McNitt sued appellees for a declaration of rights under an apartment lease, failure to repair or remedy his apartment, negligence and negligence per se, breach of the common-law implied warranty of suitability, breach of the covenant of quiet enjoyment, constructive eviction, private nuisance, and retaliation. McNitt contends that the trial court erred by granting both appellees' no-evidence and traditional motions for summary judgment. We will affirm the judgment.

## BACKGROUND

Beginning in February 2020, McNitt lived in an apartment in the Lakeline Crossing complex under a lease from Lakeline; in December 2020, AVBH assumed the lease when it bought the complex. McNitt alleged that in June 2020 he noticed a musty mold smell in his apartment that made him sick. He notified appellees through their property managers to

remove or remediate toxic mold, but he said that they failed to do so. He alleged that he breathed in airborne trichothecene mycotoxins that are in his body and may remain toxic for several years. He contended that this exposure rendered him homeless at the end of his one-year lease because "he has had to use most of the money that he has earned from working since that time to defend himself in this lawsuit."

Appellees sought summary judgment on no-evidence and traditional grounds. Lakeline contended that the record contains no evidence of breach of contract or causation; an absence of diligence or a condition affecting physical health on McNitt's failure to repair claim; breach or causation on his negligence claim; violation of a statute or causation on his negligence per se claim; intent, interference, deprivation, or abandonment on his quiet-enjoyment and constructive-eviction claims; or an interfering condition, creation or maintenance, or causation on his nuisance claim; or retaliatory acts. Lakeline contended in its traditional motion for summary judgment that the declaratory-judgment request was improper because it involves either undisputed issues (that there was a valid and enforceable lease and that Lakeline is a proper party) or issues that are parts of a mature substantive claim (McNitt's performance of lease obligations, Lakeline's breach, and McNitt's resulting injury). Both Lakeline and AVBH moved for summary judgment on grounds that the warranty of suitability is inapplicable to a residential property. AVBH further contended that McNitt produced no evidence of a contract between him and AVBH; a materially harmful condition in the apartment or a failure by AVBH to investigate and remedy any defect; or any element of breach of quiet enjoyment, constructive eviction, nuisance, or retaliation.

The trial court granted Lakeline's no-evidence and traditional motions for summary judgment and AVBH's no-evidence motion for summary judgment without stating a

2

specific ground. The trial court expressly ordered that "all of Plaintiff's causes of action" pled against AVBH were "dismissed with prejudice." The trial court also denied McNitt's traditional motion for summary judgment.

## STANDARDS OF REVIEW

"We review summary judgments de novo, viewing the evidence in the light most favorable to the non-movant, crediting evidence favorable to the non-movant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Zive v. Sandberg*, 644 S.W.3d 169, 173 (Tex. 2022) (quoting *Erikson v. Renda*, 590 S.W.3d 557, 563 (Tex. 2019)). A party may obtain a no-evidence summary judgment when "there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." Tex. R. Civ. P. 166a(i). To defeat a no-evidence motion, the nonmovant has the burden to "present evidence raising a genuine issue of material fact supporting each element contested in the motion." *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021). A party moving for traditional summary judgment must demonstrate that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Tex. R. Civ. P. 166a(c).

A genuine issue of material fact exists if the evidence "would enable reasonable and fair-minded people to differ in their conclusions." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Circumstantial evidence can defeat a no-evidence motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). Evidence does not

3

create an issue of material fact if it is "so weak as to do no more than create a mere surmise or suspicion" that the fact exists. *Id*. (*Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983)).

**DISCUSSION**

McNitt made several claims, the appellees sought summary judgment on many elements of those claims, and the court granted no-evidence and traditional motions without distinguishing the grounds on which it ruled. When a party moves for summary judgment on both traditional and no-evidence grounds as appellees did here, we generally first address the no-evidence grounds. *See Ford Motor*, 135 S.W.3d at 600. We will review an evidentiary issue common to many of the claims before reviewing the merits of the summary-judgment motions.

## I.     Lack of expert evidence of causation.

A toxic tort is a cause of action arising out of exposure to a hazardous substance, including toxic mold. *Wu v. Lumber Liquidators, Inc.*, No. 14-20-00765-CV, 2024 WL 3160554, at *8 (Tex. App.—Houston [14th Dist.] June 25, 2024, no pet.) (mem. op.). A cause of action relating to mold exposure constitutes a toxic tort. *See Plunkett v. Connecticut Gen. Life. Ins. Co.*, 285 S.W.3d 106, 120-21 (Tex. App.—Dallas 2009, pet. denied) (analyzing appellants' allegations that mold exposure at apartment complex caused health complaints as toxic-tort case); *Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 239 (Tex. App.—Austin 2002, pet. granted, judgm't vacated w.r.m.) (noting that insured homeowner's allegation that mold in home caused husband's brain damage was toxic-tort claim); *Wu*, 2024 WL 3160554, at *8.

Courts have concluded that the effects of mold are matters outside the knowledge of laypersons, so causation must be proven using reliable expert evidence. *See McBeth v. SERVPRO Indus., Inc.*, No. 09-22-00272-CV, 2024 WL 5161888, at *12 (Tex. App.—

Beaumont Dec. 19, 2024, no pet. h.) (mem. op.); *Starr v. A.J. Struss & Co.*, No. 01-14-00702-CV, 2015 WL 4139028, at *7 (Tex. App.—Houston [1st Dist.] July 9, 2015, no pet.) (mem. op.). A plaintiff fails to create a fact issue on causation without expert testimony demonstrating that mold caused her health problems. *See Plunkett,* 285 S.W.3d at 119, 122; *see also Starr*, 2015 WL 4139028, at *8. Thus, the medical causation in this case is distinct from the line of cases McNitt touts in which lay testimony can prove the causal relationship between the event and the condition. *See, e.g., Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984). A medical expert must personally examine a plaintiff to determine with a reasonable degree of medical probability that mold exposure caused a plaintiff's health complaints. *See Plunkett,* 285 S.W.3d at 119. Conclusory expert opinions are insufficient to defeat summary judgment. *Wadewitz v. Montgomery,* 951 S.W.2d 464, 466 (Tex. 1997). "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Brown v. Brown,* 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied) (quoting *Choctaw Props., L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235, 241 (Tex. App.—Waco 2003, no pet.)). A non-expert plaintiff's deposition testimony and affidavit that mold exposure caused her allergies, sinus infections, nosebleeds, skin infections, and abscesses is no evidence of causation. *Starr*, 2015 WL 4139028 at *7.

McNitt did not present expert testimony linking his physical ailments to his exposure to mold present in his apartment as a result of appellees' actions or inactions. McNitt produced a report disclosed by appellees showing the presence of aspergillus/penicillium mold in his apartment. He presented a mycotoxin panel report showing the presence of mycotoxins in his system. He also presented notes from his visit to a nurse practitioner in which he sought examination for mold-related exposure; he reported nasal discharge and congestion, mood

5

changes, low appetite, intestinal discomfort, and abdominal pressure. His nurse practitioner discussed antihistamine, nasal spray, nasal strips, and drinking water. McNitt included a letter from his counselor who reported that McNitt's therapy was focused on managing physical and mental symptoms and financial hardship occurring "during and after his reported exposure to mold toxicity in his apartment." The counselor described McNitt's reports of respiratory and sleep issues and other hardships. None of this evidence opines that mold found in McNitt's apartment as a result of appellees' action or inaction injured McNitt. At most, it shows that McNitt had mycotoxins in his body from some source and that he reported that he had symptoms as a result. That is not the type of expert testimony that provides evidence of causation in a toxic mold case. *See Plunkett,* 285 S.W.3d at 119, 122; *see also Starr*, 2015 WL 4139028, at *7-8. Because McNitt is not an expert on mold toxicity, his affidavit swearing that he was exposed to toxic mold in his apartment due to appellees' actions or inactions is no evidence that appellees wrongfully allowed mold growth that harmed him. *See Starr*, 2015 WL 4139028 at *7.

## II. Take-nothing summary judgments stand on all causes of action.

Before reviewing the merits of the judgment, we must discern the scope of the record within our review. McNitt responded to the summary-judgment motions with exhibits including the lease, his mold notices, a notice to vacate, his affidavit, an environmental consultant's report showing mold detected in McNitt's apartment, a report showing mycotoxins in his body, the notes from McNitt's visit with a nurse practitioner, a letter from his counselor, and emails between McNitt and the apartment's property management company.

The trial court sustained Lakeline's objection to McNitt's affidavit as improper summary-judgment evidence and sustained its hearsay and lack-of-verification objections to an

6

environmental consultant's report, a mold inspection report, a mycotoxin panel, a medical office visit note, and a letter from a counselor. McNitt does not challenge these exclusions on appeal.

The court did not expressly rule on ABVH's objections to the evidence. AVBH contends that the grant of its no-evidence motions for summary judgment was an implicit grant of all its objections to evidence, citing *Dolcefino v. Randolph*, 19 S.W.3d 906, 926 (Tex. App.— Houston [14th Dist.] 2000, pet. denied). But that court expressly stated that, while the trial court "presumptively ruled on appellants' objections" to the summary-judgment evidence, "we cannot infer from the record in this case that the trial court implicitly overruled or implicitly sustained appellants' objection. *Id.* at 926-27. Rather, no implicit ruling is permitted when a court could have made its ruling on the motion for summary judgment irrespective of any implicit ruling on evidentiary objections. *See Seim v. Allstate Texas Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018) (per curiam) (ruling may be implied when implication is clear); *see also* Tex. R. App. P. 33.1(a). Accordingly, we will review McNitt's evidence as it concerns his response to AVBH's motion for summary judgment; this review will also serve as an alternative basis for assessing the evidence as it concerns McNitt's claims against Lakeline.

### A. Breach of contract, failure to repair or remedy, negligence, negligence per se, and nuisance

The absence of evidence showing a causal link between the action or inaction of the defendant breaching a contract or duty and the injuries claimed by the plaintiff supports the trial court's granting of the no-evidence motions for summary judgment. Breach of contract,[1]

---

[1] The essential elements of McNitt's breach-of-contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by McNitt; (3) breach of the contract by appellees; and (4) **appellees' breach caused McNitt's damages**. *See USAA Tex. Lloyds Co.*

7

failure to repair or remedy,[2] negligence,[3] negligence per se,[4] and nuisance[5] all require evidence showing a causal link between the defendant's action or inaction and the plaintiff's injuries. For

---

*v. Menchaca*, 545 S.W.3d 479, 502 n.21 (Tex. 2018); *Scientific Mach. & Welding, Inc. v. FlashParking, Inc.*, 641 S.W.3d 454, 462 (Tex. App.—Austin 2021, pet. denied).

[2] To establish a landlord's liability for failure to repair or remedy a condition, the plaintiff must prove:

> (1) the existence of a landlord-tenant relationship; (2) **a condition on the leased property that materially affected the physical health or safety of an ordinary tenant**; (3) that the condition was either caused by ordinary wear and tear or not caused by the tenant, a lawful occupant, a member of the tenant's family, or the tenant's guest or invitee; (4) that the tenant gave the landlord notice to repair or remedy the condition; (5) that the tenant was not delinquent in paying rent when notice of the condition was given; and (6) that the landlord had a reasonable time to repair or remedy the condition but did not make a diligent effort to do so.

*Hamaker v. Newman*, No. 02-19-00405-CV, 2022 WL 714554, at *12 (Tex. App.—Fort Worth Mar. 10, 2022, no pet.) (mem. op.) (citing Tex. Prop. Code §§ 92.052, .056(b)) (emphasis added).

[3] A negligence claim consists of three elements: (1) a legal duty; (2) a breach of that duty; and (3) **damages proximately resulting from the breach**. *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998); *City of Austin v. Membreno Lopez*, 632 S.W.3d 200, 210 (Tex. App.—Austin 2021, pet. denied).

[4] "Negligence per se is a tort concept whereby the civil courts adopt a legislatively imposed standard of conduct as defining the conduct of a reasonably prudent person." *Moughon v. Wolf,* 576 S.W.2d 603, 604 (Tex. 1978); *see Reeder v. Daniel,* 61 S.W.3d 359, 361–62 (Tex. 2001). To establish negligence per se, a plaintiff must prove: (1) the defendant's act or omission is in violation of a statute or ordinance; (2) the injured person was within the class of persons which the ordinance was designed to protect; and (3) **the defendant's act or omission proximately caused the injury**. *Lopez-Juarez v. Kelly*, 348 S.W.3d 10, 27 (Tex. App.—Texarkana 2011, pet. denied).

[5] To succeed on a private nuisance claim (in the absence of strict liability), the plaintiff must prove that a condition substantially interfered with the plaintiff's use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibility; the defendant intentionally created or maintained the condition or acted negligently; **the defendant injured the plaintiff; and the plaintiff suffered damages**. *Crosstex N. Tex. Pipeline, L.P.*

8

each of these causes of action, Lakeline and AVBH asserted that McNitt had no evidence proving the required causal link.

McNitt argues that appellees' motions should have been denied because they did not specifically challenge the causal-link element of his causes of action. No-evidence motions for summary judgment must "state the elements as to which there is no evidence." *See* Tex. R. Civ. P. 166a(i) (no-evidence motion). Each element challenged must be specifically identified so the non-movant is not left to guess which elements the movant challenges. *Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 284 (Tex. App.—Dallas 2013, pet. denied) (en banc). Courts have held insufficient motions that assert simply that there is no evidence as to "one or more" or "any of" the elements. *See Community Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695-96 (Tex. 2017) (collecting cases). But Lakeline's motion singled out the elements it challenged by number and asserted, for example, "As to element (5)—causation, there is no evidence that any alleged breach of the Lease Agreement resulted in any injuries to Plaintiff" and specified that McNitt had produced no evidence to support his claim that trichothecene-mycotoxin-producing molds existed in his apartment. AVBH asserted in its motion regarding the breach-of-contract claim that McNitt "has produced no medical evidence reflecting mold exposure caused Plaintiff's symptoms or health complaints, while also failing to produce

---

*v. Gardiner*, 505 S.W.3d 580, 604-07 (Tex. 2016) (quoting *IHS Cedars Treatment Ctr., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). To succeed on a claim for "intentional nuisance," a plaintiff must prove that the defendant intentionally created or maintained the nuisance condition. *Id*. at 604-05. A "negligent nuisance" claim is governed by ordinary negligence principles; thus, "[t]he elements the plaintiff must prove are 'the existence of a legal duty, a breach of that duty, and **damages proximately caused by the breach**.'" *Id*. at 607. The burden is to prove that the defendant's negligent conduct caused a nuisance, which in turn resulted in the plaintiff's damages." *Id*.

causation evidence that any breach by Defendant AVBH Lakeline caused any injury to Plaintiff McNitt." The appellees' motions similarly met the specificity threshold for no-evidence motions for summary judgment on the other claims.[6]

The absence of evidence showing the causation link as discussed above—whether due to the sustaining of Lakeline's objection to the evidence or due to the content of the evidence—supports the grant of the no-evidence summary judgment against McNitt's claims for breach of contract, failure to repair or remedy, negligence, negligence per se, and nuisance.

## B. Breach of the covenant of quiet enjoyment / Constructive eviction

The elements of a claim for breach of the warranty or covenant of quiet enjoyment are the same as the elements of a constructive-eviction claim, regardless whether the warranty or covenant is express or implied, absent contractual language to the contrary. *Bagby 3015, LLC v. Bagby House, LLC*, 674 S.W.3d 609, 620 (Tex. App.—Houston [1st Dist.] 2023, no pet.). A plaintiff must prove: (1) the landlord's intention that the tenant shall no longer enjoy the premises; (2) a material act by the landlord that substantially interferes with the tenant's

---

[6] Though AVBH did not have a section of its motion devoted expressly to a failure to repair, the trial court's order granting AVBH's motion for summary judgment swept this claim within its scope by granting the motion and "dismissing" "all of Plaintiff's causes of action" pled against AVBH. McNitt did not assign as error any overbreadth in the trial court's order or otherwise challenge the grant of summary judgment to AVBH on his failure-to-repair claim. We may not reverse a trial court's judgment in the absence of properly assigned error. *Texas Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986).

Further, AVBH's no-evidence motion on the claim for implied warranty of suitability included an assertion that McNitt had no evidence on elements that are also part of the failure-to-repair claim—namely, no evidence that defendant's failure to repair a defect that it had the duty to repair injured McNitt. "[C]ourts have affirmed summary judgments, even though the underlying motion omitted one of multiple causes of action, when the omitted ground was intertwined with, and precluded by, a ground addressed in the motion." *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011).

intended use and enjoyment of the premises; (3) an act that permanently deprives the tenant of the use and enjoyment of the premises; and (4) abandonment of the premises by the tenant within a reasonable time after the commission of the act. *Id.* Both appellees contend that these common-law remedies were superseded by Texas Property Code section 92.061 and that McNitt had no evidence that he abandoned the premises before the end of his lease. McNitt stated in his affidavit that he "abandoned the leased property that is the subject of this lawsuit within a reasonable time after Defendants' interference." First, his affidavit was struck as against Lakeline. Further, that conclusory assertion of reasonableness is no evidence of when he abandoned the premises before the end of his lease—in which case it would not be abandonment; indeed, he alleged in his petition that he became homeless "after his lease expired" on February 25, 2021. Because he produced no evidence that he abandoned the apartment before the end of the lease, we overrule McNitt's challenge to the no-evidence summary judgment on his claims for breach of the covenant of quiet enjoyment and constructive eviction.

## C. Retaliation

The Property Code prohibits landlords from retaliating against a tenant who in good faith exercises or attempts to exercise against a landlord a right or remedy granted to the tenant by lease, ordinance, or statute. Tex. Prop. Code § 92.331(a)(1). It also prohibits landlords from retaliating against a tenant who gives a landlord notice to repair or exercise a remedy under the Property Code. *Id.* § 92.331(a)(2). The landlord may not, within six months of a permissible action retaliate by filing an eviction proceeding, depriving the tenant of the use of the premises, decreasing services, increasing rent, terminating the lease, or engaging in bad faith in a course of conduct that materially interferes with the tenant's rights under the lease. *Id.* § 92.331(b).

11

Lakeline and AVBH contended that the record had no evidence that either appellee retaliated against him in any of the proscribed ways.

McNitt referred the trial court and refers this Court to his exhibits, which he summarized for this claim as he had for other claims. These exhibits included his affidavit, communications with appellees or their representatives, mold reports, and his medical evidence—the latter two of which do not speak to retaliation. His affidavit asserts that appellees retaliated against him by "(a) filing an eviction suit; (b) depriving me of the use of my apartment that is the subject of this lawsuit, (c) decreasing services to me, ( d) terminating my lease, and ( e) in bad faith materially interfering with my rights under the lease that is the subject of this lawsuit," but there is no support for his conclusory assertion such as an eviction petition,[7] proof of exclusion from the property, a decrease of services, a rent increase, a termination of the lease, or interference with his rights under the lease. *See id.* § 92.331(a). McNitt included a February 3, 2021 letter from AVBH's property manager[8] that offered to (1) terminate the lease early and waive early termination fees if he vacated the apartment in 12 days, or (2) move McNitt to another apartment for the remaining 22 days of his lease; the company also offered to pay him $1,000 in relocation costs. This is no evidence that AVBH terminated the lease, only that it offered to do so without penalty if McNitt moved out early.

We overrule McNitt's challenge to the no-evidence summary judgment on the retaliation claim.

---

[7] A notice to vacate is in the record, but a notice to vacate is not the equivalent of filing of an eviction proceeding. Giving the notice is a necessary predicate to, but not the same as, filing a forcible detainer suit. *See* Tex. Prop. Code § 24.005(a); *see also Perry v. Wichita Falls Hous. Auth.*, 646 S.W.3d 908, 913 (Tex. App.—Fort Worth 2022, no pet.).

[8] Lakeline no longer owned or operated the property when this letter was sent.

**D. Implied warranty of suitability**

A landlord may be liable for breach of the implied warranty of suitability for intended commercial purposes if the evidence shows that: (1) the landlord leased property to the tenant, (2) the lease covered commercial property, (3) the leased property had a latent physical or structural defect at the inception of the lease, (4) the defect was in an area that was vital to the property for its intended commercial purpose, (5) the defect made the property unsuitable for its intended commercial purpose, and (6) the tenant suffered injury as a result. *7979 Airport Garage, L.L.C. v. Dollar Rent A Car Sys., Inc.*, 245 S.W.3d 488, 502 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

Lakeline sought traditional summary judgment as a matter of law because the implied warranty of suitability was not the proper remedy for a residential lease. The implied warranty of suitability is an extension to commercial leases of the implied warranty of habitability, which applies to residential property. *Davidow v. Inwood N. Prof'l Grp.–Phase I*, 747 S.W.2d 373, 376-77 (Tex. 1988). While the remedies are related, the Texas Supreme Court's creation of the implied warranty of suitability for commercial tenants in addition to the existing, similar, but distinct remedy for residential properties shows that the suitability remedy is not applicable to residential properties. *Cf. id.*

AVBH contended that McNitt had no evidence that he suffered any injury as a result of any failure by AVBH to repair any latent defect. As discussed above, McNitt failed to produce evidence linking any mold in his apartment to his claimed injuries.

We overrule McNitt's challenge to the summary judgments rendered against his claim for breach of the implied warranty of suitability.

13

## E. Declaration of rights

McNitt sought declarations on the elements of his breach-of-contract and failure-to-repair claims. A person interested under a written contract may have determined any question of construction or validity arising under the contract and obtain a declaration of rights, status, or other legal relations thereunder. Tex. Civ. Prac. & Rem. Code § 37.004(a). There must be a justiciable controversy that could be resolved by the declaration sought. *Craig v. Tejas Promotions, LLC*, 550 S.W.3d 287, 298 (Tex. App.—Austin 2018, pet. denied). McNitt sought declarations on the breach-of-contract claim that

> (1) the Lease Agreement is valid and enforceable;
>
> (2) Lakeline and AVBH as Lakeline's assignee were a proper party to sue for breach of the Lease Agreement;
>
> (3) McNitt performed, tendered performance of, or was excused from performing obligations under the Lease Agreement;
>
> (4) Lakeline and AVBH breached the Lease Agreement; and
>
> (5) Lakeline and AVBH's breach caused McNitt injury.

Lakeline contended in its traditional motion for summary judgment that McNitt is not entitled to a declaration on the first two issues because there is no dispute as to the existence of a valid and enforceable contract or that Lakeline is the proper party to sue for breach of the agreement. Lakeline contended that, because the breach-of-contract claim failed, there is no basis on which to grant declarations on the remaining three issues.

Declaratory relief will not be granted where the cause of action has fully matured and invokes a remedy at law. *Dallas City Limits Prop. Co. v. Austin Jockey Club, Ltd.*, 376 S.W.3d 792, 798 (Tex. App.—Dallas 2012, pet. denied). Further, if there is undisputed

14

evidence, there is no justiciable controversy, and the trial court cannot issue a declaratory judgment. *See Loya Ins. v. Avalos*, 610 S.W.3d 878, 883 (Tex. 2020). Moreover, the determination of whether a party breached a contract is not the proper subject of a declaratory judgment. *Severs v. Mira Vista Homeowners Ass'n, Inc.*, 559 S.W.3d 684, 700 (Tex. App.—Fort Worth 2018, pet. denied) (opining that declaration that contract was breached is "inappropriate" use of declaratory judgment act). McNitt's requested declarations essentially track the elements of a breach-of-contract claim discussed above that is fully matured. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502 n.21 (Tex. 2018) (reciting elements of claim). We overrule McNitt's challenge to the summary judgment against his request for declarations.

McNitt also sought a declaration of his rights under Texas Property Code section 92.056(b) that appellees are liable to him because

> (1) McNitt had given appellees notice to repair or remedy a condition by giving the notice to a person at the place where McNitt's rent was normally paid;
>
> (2) the toxic mold condition in McNitt's apartment that was the subject of this lawsuit would materially affect the physical health or safety of an ordinary tenant;
>
> (3) McNitt had given appellees a subsequent written notice after a reasonable time to repair or remedy the condition;
>
> (4) appellees had a reasonable time to repair or remedy the condition after receiving notice, and
>
> (5) McNitt was not delinquent in the payment of rent at the time any notice was given.

*See* Tex. Prop. Code § 92.056 (landlord liability for repairs). These requests track elements of McNitt's claim for failure to repair that we have already concluded failed for lack of evidence. *See Hamaker v. Newman*, No. 02-19-00405-CV, 2022 WL 714554, at *12 (Tex. App.—Fort

15

Worth Mar. 10, 2022, no pet.) (mem. op.) (reciting elements of claim). They are elements of a mature cause of action and inappropriate for declaratory judgment. *See Dallas City Limits*, 376 S.W.3d at 798. Further, they seek declarations on issues that are undisputed (i.e. whether McNitt gave notice to repair or was delinquent in paying rent) or are factual disputes that are not properly a subject for a declaratory judgment. *See Hill v. Heritage Res., Inc.* 964 S.W.2d 89, 140 (Tex. App.—El Paso 1997, pet denied) (concluding that whether contract was breached is not declaration of right or status and therefore not proper subject of declaratory judgment); *Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 700 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (determining that whether deed restrictions prohibit use of chain-link fence or whether chain-link fence was in harmony with existing structures were purely factual disputes that trial court should not resolve through declaratory judgment). The power to determine an issue of fact does not carry with it the power to render such a finding as a declaratory judgment. *Indian Beach*, 222 S.W.3d at 699 (citing *Hill*, 964 S.W.2d at 140). Questions of reasonableness are issues of fact unless the material facts are undisputed and lead to but one rational conclusion. *See Freeport-McMoRan Oil & Gas LLC v. 1776 Energy Partners, LLC*, 672 S.W.3d 391, 399 (Tex. 2023). We conclude that the requested declarations seek to resolve contested issues of fact rather than to determine rights, status, and other legal relations and are thus not appropriate requests for resolution as declaratory judgments. *See* Tex. Civ. Prac. & Rem. Code § 37.002.

McNitt sought the same declarations against AVBH. Though AVBH did not seek summary judgment against those requests, the trial court granted it through its sweeping order dismissing all requests for relief based on the grant of summary judgment. Because McNitt did not challenge the judgment against his request for declaratory relief against AVBH, we may not reverse the judgment on this ground. *See Texas Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903

16

(Tex. 1986). Further, because the requests were not, as a matter of law, the proper subject of a declaratory judgment, we overrule any implied challenge by McNitt to the take-nothing summary judgment on his request for declaratory judgment against AVBH. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297-98 (Tex. 2011) ("Although a trial court errs in granting a summary judgment on a cause of action expressly presented by written motion, we agree that the error is harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case.")

## CONCLUSION

Having found no grounds for reversal presented, we affirm the judgment.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Theofanis and Ellis

Affirmed

Filed: April 30, 2025

17