

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN THE INTEREST OF | § | No. 08-25-00068-CV |
| I.J.K, E.A.K. AND D.M.K., | § | Appeal from the |
| CHILDREN. | § | 383rd District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2019DCM7783) |
| | § | |

## MEMORANDUM OPINION

This attempted appeal is before the Court on our own motion for determination of whether it should be dismissed for want of jurisdiction. The appeal arises from Appellant Jean-Paul Kom's challenge of an order rendered in a suit affecting the parent-child relationship (SAPCR), issued on January 16, 2025. We determine the matters presented in this appeal have been rendered moot by overlapping proceedings. We dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

Since 2019, Jean-Paul Kom (Father) and Sandrine Kojidie Kom (Mother) have been involved in litigation regarding various family law matters. At certain points, the proceedings involved all levels of our court system. This activity has led to two prior appeals to this Court, and the cases overlapped at times with trial court and Supreme Court proceedings.

The clerk's record shows that the Office of the Attorney General-Child Support Division initiated the first proceeding in 2019, filing a petition to establish the parent-child relationship between Father and Mother and their two children (the SAPCR case). On February 1, 2022, the trial court entered an order awarding conservatorship rights, establishing possession and access to the children, and imposing child support obligations on Father with regard to the children who were subject of the suit. On April 1, 2022, Father appealed the SAPCR order to this Court, which we docketed as cause number 08-22-00055-CV.

In April 2023, we rendered a judgment and opinion in that cause, wherein we reversed in part and affirmed in part the trial court's judgment. As relevant here, we concluded the trial court had failed to consider whether Father's obligation to support his other child that was not a subject of the suit should be given credit when calculating his monthly child support obligation. *See Interest of I.J.K.*, No. 08-22-00055-CV, 2023 WL 3153645, at *12 (Tex. App.—El Paso Apr. 28, 2023, pet. denied) (mem. op.). We otherwise affirmed all other portions of the SAPCR order. *Id*. Father petitioned to the Texas Supreme Court for review of our decision. The Texas Supreme Court ultimately denied his petition and his subsequent motion for rehearing. On May 7, 2024, this Court issued a mandate in cause number 08-22-00055-CV and remanded the case to the trial court.

But while that cause number remained pending on appeal, Mother had returned to the trial court, filing both a petition for divorce and a request for modification of the challenged SAPCR order. On January 10, 2024, before issuance of our mandate, the trial court rendered a default final decree of divorce and order modifying the SAPCR order. Father again appealed to this Court, which we docketed as cause number 08-24-00022-CV. On April 8, 2025, we issued a judgment and opinion reversing the trial court's default judgment because we concluded the

2

record lacked sufficient evidence upon which the court could exercise its discretion in rendering orders on conservatorship, child support, and property division. *See Kom v. Kom*, No. 08-24-00022-CV, 2025 WL 1057731, at \*5–\*8 (Tex. App.—El Paso Apr. 8, 2025, no pet. h.). We also remanded the case back to the trial court for further proceedings. *Id.* at \*8.

While cause number 08-24-00022-CV had remained pending in this Court, the trial court by then had held a hearing on the original SAPCR proceeding that had returned to it on remand. Father was not present at the hearing. The trial court's judgment noted that this Court had remanded the case for a hearing on whether Father had a legal duty to support a child not a subject of the case and to determine the proper amount of child support. The trial court determined that Father had failed to appear and provide any evidence to support his contention that he had an ongoing obligation for child support owed for another child not a subject of the suit. It thus concluded that "the original order remains in full effect and force." On January 16, 2025, the trial court entered an order determining the SAPCR order—which was the subject of the appeal in cause number 08-22-00055-CV—contained the correct findings for the number of children for whom Father had a legal duty of support. Additionally, the trial court noted the SAPCR order had been modified by the default judgment signed on January 10, 2024—which was the subject of the appeal in cause number 08-24-00022-CV. Filing his notice of appeal, Father now challenges the January 16, 2025 order.

## II. MOOTNESS

After we reversed the trial court's default divorce decree and modification of the SAPCR order in cause number 08-24-00022-CV, the holding raised concerns for the Court on whether that resolution rendered moot Father's current appeal challenging the SAPCR order issued on January 16, 2025. Given those concerns, on April 23, 2025, we notified the parties of our intent

3

to dismiss the appeal based on lack of jurisdiction unless grounds could be shown for continuing the appeal. Father responded by asserting that his appeal was not rendered moot by the judgment entered in 08-24-00022-CV.[1] He contends that unresolved issues remain in regard to the January 16, 2025 order. Additionally, Father expressed his belief that "[i]t is likely the trial court will again deny" him credit for ongoing child support of another child, and thus, he urged that the issues of this appeal "fall within the 'capable of repetition, yet evading review' exception" to the mootness doctrine.

We disagree with Father's contention that a live controversy remains regarding the challenged order of January 16, 2025, or with the applicability of the exception. First, it is clear from the face of the January 16, 2025 order that the court essentially adopted the default judgment and modification of SAPCR that was signed January 10, 2024. Yet, in our most recent opinion and judgment on appeal, we reversed that default judgment and SAPCR order. *See Kom*, 2025 WL 1057731, at *8. We also remanded the case to the trial court for it to reconsider the same issues pertaining to the parties' parent-child relationship, including orders on monthly child support, which necessarily includes the same issue of which Father currently complains. In effect, the order at the center of this appeal had adopted the divorce decree and SAPCR modification that we since reversed by our judgment on appeal. As a result of these circumstances, there is nothing to be addressed in this appeal as the complained of order has already been reversed by our most recent ruling.[2] *Id*.

---

[1] Mother did not file a response to our jurisdictional inquiry.

[2] Another argument Father asserts is that this Court, in the 08-24-00022-CV appeal, did not grant him his requested relief concerning appointing him as sole managing conservator and his child support amounts. He raised this same argument in his motion for rehearing filed in the 08-24-00022-CV appeal, which we denied on this same date. We note that an adjudication of the parties' conservatorship rights, or their access and possession to their children, necessarily involve best-interest determinations, which includes questions of facts. *See Van Heerden v. Van Heerden*, 321 S.W.3d 869, 875 (Tex. App.—Houston [14th Dist.] 2010, no pet.). "As an appellate court, we cannot make original fact findings; we can only 'unfind' facts." *In Interest of J.M.*, No. 02-16-00428-CV, 2017 WL 3821863, at

It is well established that a court is prohibited from deciding moot controversies. *National Collegiate Athletic Association v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). A case is moot if a justiciable controversy ceases to exist at any stage of the legal proceedings, including the appeal. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005).

Accordingly, we dismiss the appeal for want of jurisdiction.

GINA M. PALAFOX, Justice

May 20,2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

*5 (Tex. App.—Fort Worth Aug. 31, 2017, no pet.) (mem. op.) (citing *Tex. Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986). Accordingly, on conservatorship, access and possession, and child support issues, we are required to remand the case for a new trial. *See Van Heerden*, 321 S.W.3d at 874–75. Therefore, this argument does not change our mootness determination.